## GRADY MOORE v. THE STATE.

### No. 3640.    Decided December 8, 1915.

**1.—Wife Abandonment—Seduction—Marriage—Statutes Construed.**

Where defendant was indicted under article 1450, Penal Code, for wife abandonment after seduction and marriage, it was necessary for the State to show that said abandonment took place after the prosecution had begun, and the fact that a complaint had been filed against the defendant for seduction is not sufficient unless it is shown that he was aware thereof and married the alleged female to avoid the consequences of the prosecution, and the court's failure to submit a charge upon this issue was reversible error.

**2.—Same—Statutes Construed—Beginning of Prosecution.**

There is another statute which makes it a misdemeanor only to desert and abandon and fail to support a wife if the accused married her and thereafter wilfully and intentionally deserted and failed to support her, and this statute is not in conflict with article 1450 of the Penal Code, supra, and it is questionable whether the indictment in this case is sufficient; but at any rate, where the issue was sharply made that defendant married the alleged female without any knowledge on his part that a prosecution had been begun against him for seduction, this issue should have been submitted to the jury.

**3.—Same—Evidence—Permanent Abandonment.**

Where, upon trial of wife abandonment after seduction and marriage, the issue was raised by the defendant that he left his wife temporarily, the court should have permitted testimony as to an agreement between the father of the prosecutrix and defendant and his wife to the effect that said father-in-law should take care of defendant's wife for some time after such marriage; and this although said testimony was only cumulative.

**4.—Same—Charge of Court—Agreement—Temporary Abandonment.**

Where, upon trial of wife abandonment after seduction and marriage, the issue was presented that defendant left his wife temporarily under an agreement between himself and the family of his wife to seek means of support, etc., this issue should have been submitted to the jury. Following Irving v. State, 73 Texas Crim. Rep., 615.

**5.—Same—Charge of Court—Statutes Construed.**

If the alleged abandonment was not with reference to the previous seduction and defendant was ignorant of the fact that a prosecution for seduction had been begun against him, and he wilfully and intentionally deserted his wife and failed to support her or the child, he would not be guilty under article 1450 of the Penal Code, but under the other statute (Act of Thirty-third Legislature, p. 188), and this issue should have been submitted to the jury.

**6.—Same—Statutes Construed—Different Offenses—Charge of Court.**

The two statutes, article 1450, Penal Code, and the Act of the Thirty-third Legislature, page 188, seem to carry with them some distinguishing mark so as to prevent them from occupying the same territory about the same matter at the same time, and by reason of the language expressed in them carry different purposes, one with reference to avoid the consequences of seduction and the other to punish one who deserts his wife and fails to support her, and the court under the evidence should have so charged the jury.

Appeal from the District Court of Knox. Tried below before the Hon. Jo A. P. Dickson.

Appeal from a conviction of wife abandonment after seduction and marriage; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*D. J. Brookreson,* for appellant.—On question of indictment, statutes construed, and charge of court: Baskin v. State, 75 Texas Crim. Rep., 537; Qualls v. State, 71 Texas Crim. Rep., 67; Qualls v. State, 73 Texas Crim. Rep., 212; Coleman v. State, 71 Texas Crim. Rep., 20; James v. State, 72 Texas Crim. Rep., 457; Irving v. State, 73 Texas Crim. Rep., 615.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted under an indictment charging him with abandonment of his wife after seduction under article 1450 of the Penal Code of 1911.

One of the serious contentions of appellant is that he was indicted under the wrong statute, and if he is not correct in this proposition, that under the facts there were serious errors committed in the charge to the jury and in the admission and rejection of testimony. The uncontroverted evidence shows appellant had intercourse with the girl Bertha Wimberly, and from this intercourse she gave birth to a child. There were several acts of intercourse, commencing along, say, in March and ending about the 14th of August. The child was born the following year. After the intercourse, and some time prior to the birth of the child, there was a conversation between appellant and the girl, in which she notified him that she was not definite but did not believe she was pregnant. Without going into a detail of the matters, his financial condition was such that he could not make a living where he was, and made arrangements with his father to take a pair of mules he had bought and assume his outstanding indebtedness on the mules, he having already paid $60. He went away seeking work. On the 30th of January, before the child was born later in the spring, the father of the prosecutrix filed a complaint in the Justice Court charging appellant with seduction of his daughter, Bertha. Shortly after this occurred appellant's father had an interview with the father of Bertha Wimberly with reference to the matter, and it was understood between them that the father of appellant would get in communication with his son, who would return and marry the girl. This seems to have been satisfactory all around. The father of appellant wrote to the boy to come home and marry the girl. The boy promptly responded, and on the 17th of February there was a conversation and agreement reached that the boy was to marry the girl, and on the following day he did marry her. There is also an issue on the fact as to whether appellant was aware of the filing of the complaint against him before he married the girl. The great preponderance of the evidence, as we understand the record, is he was unaware of that fact, though there is testimony from which the jury might conclude he had some knowledge of the filing of the complaint before he married the girl. It is undisputed that the girl was to remain with her father for some time after the marriage until appellant could make arrangements for a home to which to take the girl, all parties understanding that he was practically pen-

niless and had no means of supporting the girl and no home. The father of the girl occupied a house of four rooms, having several children. The father of the defendant occupied a house with two rooms, having six children. The boy undertook to make arrangements to carry the girl to his father's house, but objection was urged on account of the smallness of the house, and the father of the girl testified he was willing for his daughter to remain at his house. He says, however, there was no definite time fixed for her so remaining, but for a convenient or necessary time, or words to that effect. Appellant's side of the case was that she was to remain there until the following fall, the marriage having occurred on the 18th of February, by which time he expected to make arrangements to take care of and support her in a home of their own. When he was married he had $10.15, $10 of which he gave the girl. It is an undisputed fact that he did not remain with the girl after he married her, and that they did not reside together. This, it seems, was under the agreement previously made. Some time after being married, there being nothing for him to do, and no way to make a living in the neighborhood, he went away to seek employment. He seems not to have been very successful. In the meantime he wrote his wife several letters. Most of these she ignored, at least did not answer. She wrote him on one or two occasions, the letters being rather caustic. These letters entered into the theory of the State as some evidence of the fact that he had abandond his wife. It perhaps may be unnecessary to make more than the above statement, the record being rather voluminous in regard to the facts.

Without taking the matters up as technically and critically as presented, we are of opinion that appellant's contention is correct that the court was in error in not charging the jury that if appellant married the girl without knowledge of the fact that prosecution had been begun by complaint and information, he would not be guilty of deserting his wife under the terms of article 1450 of the Penal Code. In order to make a party guilty of abandoning his wife after seduction, it must be after the prosecution had been begun. That a complaint has been filed is not sufficient unless appellant is aware of that fact and marries the girl to avoid the consequences of the prosecution. This question is in the case and is presented both from the criticism of the indictment and the failure of the court to submit the issue. Appellant's testimony shows clearly and beyond any question that he was not aware of the fact that a complaint had been filed or warrant of arrest had been placed in the hands of the officers at the time he married, and he did not know it for some time afterward. As a matter of fact, this record shows that he was never arrested at any time. The following grand jury failed to indict him. Later on and subsequently the grand jury indicted him. His father, having been informed of that fact, obtained a blank bond, had it filled out and sent to the boy, who was in a distant county. He gave bond, which was approved by the sheriff of the venue county. So as a matter of fact he was never arrested.

There is another statute enacted by the Thirty-third Legislature, page

188, making it a misdemeanor offense to desert and abandon and failure to support his wife. If appellant married the girl before he was aware of the prosecution, he would not be amenable under article 1450, but if he subsequently, after marrying the girl, deserted and failed to support her, he might be guilty under the Act of the Thirty-third Legislature, supra. But in order to constitute him guilty under that statute desertion and failure to support must be wilful and intentional. His inability to support his wife would not of itself subject him to punishment, as decided in Irving v. State, 73 Texas Crim. Rep., 615. From any viewpoint, then, whether the indictment was sufficient or was not sufficient, the issue was sharply made that appellant married the girl without any knowledge on his part that a prosecution had begun against him for seduction. This issue should have been submitted to the jury. The writer does not believe the indictment sufficient, but be that as it may, the issue is sharply made on the other question, and it was brought to the attention of the court properly, and the question timely reserved and presented. This seems to be rather the keynote to the case on its real merits.

The court should have permitted Wimberly, father of prosecutrix, to answer the question propounded by appellant's counsel, to the effect that he did not expect Grady Moore, the defendant, to take his wife for some time. The witness would have answered if permitted, that he did not expect defendant to take his daughter for some time after marriage, and that he expected to keep her himself for some time after such marriage. This was important testimony to the defendant. He was charged with desertion of his wife. This was a matter of fact somewhat cumulative of other testimony but admissible. He was the father of the prosecutrix. There was an issue between the State and the defendant on this question, defendant's evidence clearly showing that the father of prosecutrix was to keep the girl until the following fall, by which time appellant expected to be ready to have a place or home for his wife. This was somewhat controverted as to the length of time, the State making the time indefinite, by its contention, in which the girl was to remain at her father's home. From this view of the case this evidence coming from the father of the prosecutrix would have been of materiality to show a want of desertion on the part of appellant. In fact, the evidence would seem to indicate that there was no purpose on the part of appellant to desert his wife at that time, and if there was anything like a definite purpose manifested, it was later on and growing out of a spicy correspondence between appellant and his wife, in which she may have been as much or more to blame than was appellant about his not returning.

There were several charges asked and refused, and objections to the court's charge as given, which we deem unnecessary to follow seriatim. In a general way it is sufficient to state that the issues were presented to the court as the law of the case and not submitted to the jury, that if appellant went away under agreement between the families and his

wife and himself that the separation was not to be a permanent one, but only that he might go away and prepare means for supporting his wife and that she was to remain with her father until that time, he would not be guilty under that aspect of it. It should be a desertion on his part, and wilfully so. That a temporary separation with the ultimate design of reuniting at the proper time and under appropriate circumstances would not constitute abandonment. We think this proposition is clear, and should have been embodied in the charge, and the jury so instructed. It is also a general proposition, without going over all the charges and exceptions with reference to the matters, that if the abandonment was not with reference to the seduction, and he was ignorant of the fact of such a prosecution having begun, but he deserted his wife and failed to support her or the child, he would not be guilty under article 1450, but under the Act of the Thirty-third Legislature, page 188, supra. These matters were all in the case, made by the testimony, as issuable facts and propositions, and should have been fairly submitted to the jury. It is not every desertion or abandonment that is criminal. If appellant married the girl, knowing of the pendency of the prosecution against him for seduction, and to avoid the consequences of such prosecution, he might or could be guilty under article 1450 of the Penal Code, but if he was not aware of it, and did not know that prosecution had been begun, he certainly could not be chargeable with a fact of which he was ignorant, and held under the statute which means an intentional desertion of his wife after seduction. If he was ignorant of the fact that he was being prosecuted, he could not have married for the purpose of evading a prosecution, because there was to him no such prosecution. The two statutes, article 1450, and the Act of the Thirty-third Legislature, supra, seem to carry with them some distinguishing mark so as to prevent them occupying the same territory about the same matter at the same time. Article 1450 evidently means and was enacted for the purpose of punishing a man who seduces a girl and after prosecution begun against him married her to avoid the consequences of the seduction statute and its punishment. The other article provides that after a man has married and he deserts or fails to support his wife and child, either or both, he should be guilty and punished as a misdemeanor. These two statutes were enacted for different purposes and were not intended to be in conflict with each other, and by reason of the language expressed in them carry different purposes, one with reference to avoid the consequences of seduction, the other to punish a man who deserts his wife and fails to support her. These two matters, as I have stated before, are raised in this case. The court did not so inform the jury. The matters are properly presented.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*