### WEBB FURLOW v. THE STATE.

No. 3912.    Decided January 12, 1916.

**Wife Desertion—Insufficiency of the Evidence—Information—Constitutional Law.**

Where, upon trial of wife desertion under article 640a, Penal Code, the information was sufficient, and the contention that the law is unconstitutional is untenable, but the evidence did not show that the act of the defendant was wilful and that his wife was in destitute and necessitous circumstances, the conviction could not be sustained.

Appeal from the County Court at Law No. 2, Harris County. Tried below before the Hon. Murray B. Jones.

Appeal from a conviction of wife desertion; penalty, a fine of $100. The opinion states the case.

*K. C. Barkley,* for appellant.—On question of insufficiency of the evidence: State v. Rice, 106 Ind., 139; People v. Miller, 63 N. Y. S., 949; Burton v. Commonwealth, 63 S. E. Rep., 464; State v. Lasley, 151 S. W. Rep., 752; Windom v. State, 56 Texas Crim. Rep., 198; Brown v. State, 119 N. W. Rep., 338; State v. Macklin, 86 Mo. App., 636; Irving v. State, 73 Texas Crim. Rep., 615, 166 S. W. Rep., 1166.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* District Attorney, and *E. T. Branch,* for the State.—On question of sufficiency of information: Singh v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 891; Hatch v. State, 174 S. W. Rep., 1062; Herrera v. State, 75 Texas Crim. Rep., 120, 175 S. W. Rep., 696.

HARPER, JUDGE.—Appellant was convicted of deserting his wife in destitute and necessitous circumstances, and his punishment assessed at a fine of $100.

The statute under which appellant was indicted reads: "That any husband who shall wilfully, or without justification, desert, neglect or refuse to provide for the support and maintenance of his wife, who may be in destitute or necessitous circumstances, shall be punished by a fine, etc." Art. 640a, Penal Code.

The law is not unconstitutional, and the information charges an offense under the law. As the record is presented, there is but one question that need be discussed. The law requires that the act of appellant shall be "wilful," and the wife must be in destitute and necessitous circumstances.

Appellant and his wife had parted several times. The testimony of both of them would convince anyone that their marital relations were not pleasant. As to whose fault, this need not be discussed at this time. Appellant decided to quit his wife and did so, remaining in the same town she lived in. Before quitting her he had deeded her one lot shown to be worth $700. After quitting her he deeded her the home in which they were living, worth some $1000 or $1200. Against this were some notes for about $250 or $300. She and appellant both agree she had $300 in money when he quit her. She had been raised by appellant's brother, who had married the aunt of appellant's wife. After the separation, she went and lived with his brother again. While it is true that Mrs. Furlow testifies that she had spent the $300 and was in necessitous circumstances, yet it is apparent she was not quite destitute, because she had a place at which she could live—the place she lived before she married, with the brother of appellant; at least it does not appear that appellant had been put in possession of facts that would make known to him his wife was in either necessitous or destitute circumstances. He testifies that, while he had not given her any money since they parted, she admits she had never called on him for any. He testifies further, if she had, he would have given her money according to his ability.

The facts in this case, we think, do not make a case within the purview and meaning of the statute. There is no wilful desertion of or failure to provide for a wife in necessitous and destitute circumstances. She was neither in need nor destitute at the time of the separation, and, if she became so, after the separation, this fact must be brought to the knowledge of appellant, before he can be said to have *wilfully* refused to provide.

Reversed and remanded.

　　　　　　　　　　　　　　　　　　*Reversed and remanded.*