WILLIS WINDHAM V. THE STATE.

No. 4303. Decided February 14, 1917.

**1.—Wife Abandonment—Insufficiency of the Evidence.**

Where, upon trial of wilful desertion, etc., by the defendant of his wife, etc., she being in destitute or necessitous circumstances, the evidence was wholly lacking to prove that she was in destitute or necessitous circumstances the conviction could not be sustained.

**2.—Same—Statutes Construed**

Under the statute defendant must not only wilfully and without justification desert his wife and neglect or refuse to support and maintain her, but the State must go farther and prove that she was in destitute or necessitous circumstances as well.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. John F. Perritte.

Appeal from a conviction of wilful wife desertion; penalty, a fine of twenty-five dollars.

The opinion states the case.

Prosecutrix testified that she and her husband lived together about two months before they separated, and that they had lived with defendant's father, that she was not prevented from eating there, but that she left there because she didn't feel it was right for her to eat off of his father and mother; that she could cook but not sew; that she was about sixteen years old, weighed about one hundred and nineteen pounds, and had always worked, and had been making a living by working herself, etc.; that she usually went to the negro restaurant about three days in the week. Both defendant and prosecutrix were negroes and worked at odd jobs, etc.

*Harris & Harris,* for appellant.—On question of insufficiency of the evidence: Windham v. State, 67 Texas Crim. Rep., 664, 150 S. W. Rep., 613.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted under article 640a, Vernon's Ann. P. C., for wilful desertion, etc., of his wife without justification and failure to support and maintain her, she being in destitute or necessitous circumstances.

Appellant has assigned several matters which he claims were errors against him on the trial. One of them presents reversible error, which is:

That the evidence was insufficient to sustain the conviction. We have carefully read the evidence. Without specifically so holding, in view of another trial, the evidence may be sufficient to show a wilful desertion of her, and a refusal or failure to support and maintain her, but the evidence, we think, is wholly lacking to prove that she was in destitute or necessitous circumstances. Under this statute he must not only wilfully and without justification desert his wife and neglect or refuse to support and maintain her, but the State must go farther and prove that she was in destitute or necessitous circumstances as well. As the evidence, in our opinion, fails to show that she was in destitute or necessitous circumstances, the conviction can not be sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*