### LUIS VERSE v. THE STATE.

#### No. 4392. Decided March 14, 1917.

**Wife Desertion—Insufficiency of the Evidence.**

Where, upon trial of wife desertion, the evidence did not show a wilful desertion on the part of the defendant, or that the wife was in necessitous circumstances, the conviction could not be sustained. Following Irving v. State, 73 Texas Crim. Rep., 615, and other cases.

Appeal from the County Court of Fayette. Tried below before the Hon. George Willrich.

Appeal from a conviction of wife desertion; penalty, a fine of twenty-five dollars.

The opinion states the case.

*John T. Duncan,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of wife desertion. The statute upon which the prosecution was founded is article 640a, Vernon's Ann. P. C. (Acts of 1913, p. 188, chap. 101, sec. 1), which we quote as follows:

"That any husband who shall wilfully or without justification, desert, neglect or refuse to provide for the support and maintenance of his wife, who may be in destitute or necessitous circumstances shall be deemed guilty of a misdemeanor and on conviction thereof shall (be) punished by a fine of not less than twenty-five dollars and not more than five hundred dollars or by imprisonment in the county jail not more than one year, or by both such fine and imprisonment."

The facts show that appellant and his wife were young people, without property; that they were married on the 4th day of November, 1916, and the complaint charging desertion was filed on the 11th day of November, 1916; that after the marriage appellant took his wife to his father's house; that he had his father's permission to live there; that she assisted the members of the family in cooking dinner; that appellant went with his brother to haul water; that when he returned the same evening his wife had gone; that she left his father's house about 5 o'clock the same afternoon after having some words with appellant's mother; that the marriage took place because appellant had seduced her, though no complaint or prosecution was filed. She went to her father's house and was cared for there as a member of the family in the same manner that she had been cared for prior to the marriage. The parties were negroes.

Appellant insists that the evidence is insufficient to support a conviction. This assignment, we think, should be sustained. The evidence does not show a wilful desertion on the part of appellant nor under the facts of the case that the wife was in necessitous circumstances. The following cases are in point: Moore v. State, 78 Texas Crim. Rep., 144, 180 S. W. Rep., 1100; Irving v. State, 73 Texas Crim. Rep., 615; State v. Burton, 178 S. W. Rep., 219; State v. Lasley, 151 S. W. Rep., 752; State v. Burton, 157 S. W. Rep., 831; Words & Phrases (N. S.), vol. 2, p. 13; Windham v. State, 80 Texas Crim. Rep., 551, not yet reported.

Because the evidence is insufficient to support the conviction the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*