## J. H. Joiner v. The State.

### No. 4506.   Decided June 20, 1917.

**1.—Neglecting Child—Insufficiency of the Evidence.**

Where, upon trial of wilfully neglecting and refusing to provide for the support and maintenance of his child, etc., the evidence failed to show that defendant wilfully or without justification neglected to properly provide for his child, the conviction could not be sustained.

**2.—Neglecting Child—Religious Sect—Refusing to Call in Physician—Insufficiency of the Evidence.**

Where defendant was prosecuted under the Act of 1913 for wilfully neglecting and refusing to provide for the support and maintenance of his child, etc., the evidence showed that he and his family were members of a religious order who did not believe in medicine, etc., but treated the sick by praying, etc., but that defendant was finally induced to call in a physician who properly treated his child and effected a recovery, the conviction was not sustained in as much as it is not shown that defendant's act was wilfully done.

Appeal from the County Court of Wichita.   Tried below before the Hon. Harvey Harris.

Appeal from a conviction of wilfully neglecting and refusing to provide for his child; penalty, a fine of fifty dollars.

The opinion states the case.

*E. W. Napier,* for appellant.—Cited Walker v. State, 7 Texas Crim. App., 245; Brooks v. Hicks, 20 Texas, 666; Ex parte Robinson, 28 Texas Crim. App., 511.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted for wilfully neglecting and refusing to provide for the support and maintenance of his child, four and one-half years old, who was in needy and necessitous circumstances.

The prosecution was under section 1 of the Act of 1913, page 188, 1 Vernon's Criminal Statutes, article 640a, which is to this effect: Any parent who shall wilfully or without justification neglect or refuse to provide for the support and maintenance of his child under sixteen years of age in necessitous circumstances shall be deemed guilty, etc.

Appellant contends, among other things, that the evidence was insufficient to sustain his conviction.   This question only need be passed

upon. The uncontradicted testimony shows that about April 1, 1917, appellant's child, four and one-half years old, was very sick with pneumonia. He and his family were members of a religious order which believed, and he believed, that medicine should not be administered to a sick person, but instead treated by praying to God to heal, and in addition bathe the patient with water and oil, and do such other things as may be within their power to make the patient comfortable, to relieve pain and expedite recovery. Appellant practiced this treatment with his child and, according to his testimony, which was undisputed, he and his wife were doing all they could and all they knew how to do for him. He himself worked in the daytime and was with his child and family at night. His wife was in constant attendance upon the child. The county and city health officers and the humane officer learned of the serious illness of this child and commendably took steps to have the child properly treated from their standpoint. When they saw the child and its serious illness they demanded that appellant should call in a physician to attend and treat it. He at first refused to do this because he claimed that the treatment they were giving the child and their prayers were all that was necessary and that the child would be cured. Because he refused to then call a physician appellant was at once arrested and taken to the jail, but not incarcerated. These officers told him that unless he called a physician that they would remove the child to a sanitarium and have the proper attention given to it. He thereupon called a physician, who treated the child, and it soon recovered.

Persons might differ as to whether or not appellant's method of treating the child was a proper one, and, of course, no one can know whether the child would have recovered under that treatment or not; but under any phase of the testimony we think it fails to show or authorizes the jury to find that appellant *wilfully* or without justification neglected to properly provide for his child. On the contrary, we think it shows that he did not *wilfully* or without justification fail to provide for his child in the sense intended by said statute to be made an offense. And while he at first refused to call a physician and have his child properly treated, he did so as soon as the county health officers informed him of the serious illness of his child and the necessity for medical attention, and they would remove the child to a sanitarium, etc. It is true that even at first when so informed he declined to call a physician but the testimony shows that he did so very soon or practically immediately thereafter.

We think the evidence excludes the idea of his neglect of his child or failure to provide for it in this respect to such an extent and for such a length of time as would show or justify the jury to find that he did so wilfully.

The judgment will, therefore, be reversed and the case remanded.

*Reversed and remanded.*