### E. S. WALLACE v. THE STATE.

### No. 5324.  Decided March 19, 1919.

#### 1.—Wife Desertion—Rule Stated.

In cases of this character the proof must show that the husband willfully and without justification deserted his wife, neglected to support and maintain her and left her in destitute and necessitous circumstances.    Following Verse v. State, 81 Texas Crim. Rep., 48, 193 S. W. Rep., 303, and other cases.

#### 2.—Same—Case Stated—Insufficiency of the Evidence.

Where, upon trial of wife desertion, the evidence showed that the salary of the husband was very small but that he furnished the wife with such things as were in accord with his income and with their station in life, and that she had credit through him by which she could obtain the neces-

sary things of life, a home to live in and a reasonable share of the money he earned, the conviction could not be sustained.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown, judge.

Appeal from a conviction of wife desertion; penalty, a fine of $25 and thirty days' confinement in the county jail.

The opinion states the case.

*R. H. Smith*, for appellant.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This appellant was convicted of wife desertion in the county court of Tarrant county, and his punishment fixed at thirty days in jail and a fine of $25.

The case must be reversed and remanded because of the failure of the evidence to show a violation of the law.

It is held in Windham v. State, 80 Texas Crim. Rep., 551, 192 S. W. Rep., 248, that not only must the proof show that the husband wilfully and without justification deserted his wife, and neglected and refused to support and maintain her, but the State must go further and show that he left her in destitute and necessitous circumstances as well.

It is substantially held in Furlow v. State, 78 Texas Crim. Rep., 544, 182 S. W. Rep., 308, that if a husband and wife separate, she having means of support at the time, his failure to support her or furnish her such means as he can thereafter, will not make him guilty of a violation of this statute, where it is shown that she made no effort to obtain support from him, or to bring knowledge to him that she was in a condition of need.

Authorities are collated in Verse v. State, 81 Texas Crim. Rep., 48, 193 S. W. Rep., 303, which hold that the facts in the case must be such as to show a wilful desertion, neglect or refusal to provide in order to meet the requirements of the law.

In the instant case no such facts are shown. It is true that the wife says her husband deserted her and left her in necessitous circumstances nine days before she filed a complaint against him, but the record otherwise is barren of facts which show either desertion, or that she was necessitous. Due regard must be had in cases such as this to the situation of the parties. Appellant was a salaried fireman of the City of Fort Worth, receiving $66 per month, and his duties permitted him only one day and night at home in each week. It is uncontroverted that he had arranged credit at a grocery store only a block from his home, and just prior to the alleged desertion had paid $20 on his grocery bill, and the grocer testified that the wife could have continued to get goods upon credit, and that he would have let her have the same as he

had theretofore.  She admits that after the date of the alleged
desertion she made no effort to get groceries, money, support or
anything else from the appellant.   Just what day the alleged de-
sertion occurred is a bit conjectural, and what occurred between the
parties is wholly left out of the record.  We have searched the
entire evidence carefully to see if any of the witnesses say any-
thing as to why or how or under what circumstances the alleged
desertion or separation was had.   Appellant says there was no
separation as far as he was concerned; that he went home to
dinner from his work about September 20th, and found his house
empty, his wife and baby, and furniture all gone.

The wife details no conversation occurring on the day of the
alleged desertion, other than that he came home about 11 P. M.
the night before, and she asked him what made him late, and he
told her it was none of her damned business.   As to what passed
between them on the day she says he deserted her, we are left
wholly in the dark.   Whether he told her he was tired of home
life, and no longer loved her, or that he did not intend to live
with her, or to come back, or further support her, or whether they
parted in good will or ill-humor, or whether he removed any of his
belonging or not, all these details and all others are absolutely
omitted.   The wife says that she filed the complaint against her
husband on October 2, 1918, and that at that time she had been
deserted by her husband for nine days; she says that when he
deserted'' her he left her three day's provisions; that he left
her all the furniture they had accumulated, which she at once sold
and appropriated the proceeds.   She also admits that during this
nine days interval after the alleged desertion and before she filed
the complaint, appellant's ·father paid her $10. for him.   She also
admits that she made no effort to communicate with him, or to
obtain any money, or provisions, or support from him or on his
account prior to the filing of the complaint.   We have detailed
these facts at length because, in our opinion, they wholly fail to
show a case of wilful desertion of the wife and the leaving of her
in needy and necessitous circumstances.

Things might have occurred between the husband and wife on
the day of the alleged desertion, which are not disclosed by this
record, which might be sufficient to show that there was no intention
on appellant's part to return home.   Things might have occurred
there between them which would justify the conclusion that he
was wilfully deserting her, but if so the record does not present
such facts to us.   The salary of the husband was very small, and,
as far as the record discloses, went to pay for groceries and make
a possible payment upon the house, and it is quite possible that the
wife may not have had those things which she desired or felt were
her due, but where the husband furnishes to his wife such things
as are in accord with his income and with their station in life,

and where the proof shows that she has credit upon which she may obtain the necessary things of life, and a home in which are sufficient comforts to enable her to live, and a reasonable share of the money he earned, and there is no showing as to why she left these things and refused to further avail herself of them, we have no option but to hold that the law is not shown to have been violated.

The judgment of the lower court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*