Henry Hood v. The State.

No. 5784. Decided April 14, 1920

1.—Wife Desertion—Statutes Construed—Rules Stated.

The State must show, in order to support a conviction, not only that there was a willful and unjustifiable desertion and failure to support, but also an affirmative showing of destitution and necessitous circumstances on the part of those who are alleged to be injured parties; and a failure on the part of the wife to use the available credit or support of her husband might be sufficient to rebut apparent destitute and necessitous condition. Following Wallace v. State, 85 Texas Crim. Rep., 91; and other cases.

2.—Same—Insufficiency of Evidence.

Where, upon trial of wife desertion the evidence failed to show that the said wife was in necessitous and destitute circumstances when defendant left her, etc., the conviction could not be sustained.

3.—Same—Venue—Pleading and Proof—Complaint.

While it is substantially provided by Article 640 D. Code of Criminal Procedure, that the venue of this offense may be laid either in the county where the desertion occurred, or in any county in which the deserted wife or children had lived for six months next preceding the filing of the complaint, yet where the complaint in the instant case made no mention of the length of time that the abandoned wife had lived in the county of the prosecution at the time the complaint was filed, and the facts showed that the actual desertion, if any, took place in another county, etc., the same was insufficient. See opinion for proper form of complaint.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of wife desertion; penalty, a fine of $25. The opinion states the case.

*House & Wilson*, for appellant.

*Alvin M. Owsley*, Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County of wife desertion, and punished by a fine of $25.

It appears from the record that appellant, Henry Hood, and his wife were married in 1903, and lived together at Arlington, in Tarrant County, until March 18, 1918. No mention is made in the record of any children, and we presume there were none. It is shown that at the last mentioned date, the parties had accumulated a home, consisting of a house of five rooms, and a lot, all of the value of $3500 or $4000, which property had been deeded by appellant to the brother of Mrs. Hood some two years before said date solely, however, for the purpose of fixing a lien against same to secure a note for one thousand dollars. It is also shown by the testimony of Mrs. Hood herself, that the house was well and comfortably furnished, having in it a piano, an instantaneous heater, office desk, bath, and other household furnishings; also that appellant left his watch with her, and apparently almost all of his clothes. It is admitted that he left home on March 18, 1918, seemingly in a good humor; that he kissed his wife goodbye, and told her he would be home shortly, and that he telephoned her from Waco later, that he would be home the following Saturday night, but that at no time has he returned to his home; nor has he in any wise contributed to her support, in the shape of money, since said date. It is also shown by the affirmative testimony of some of the merchants of Arlington, and by the admissions of Mrs. Hood, that at the time appellant went away, and continuously since that time, his credit with the various merchants at Arlington was good, and that she could have obtained from them any supplies or necessaries which she might have wanted, and had same charged to him. It is also shown that she had

at that time some amount of money, ranging from five to twenty dollars; that her father was a wealthy man, living in an adjoining county, and to whose home she would have been welcome if she had wanted to go and remain there. It is also shown that appellant was a traveling man, and out on the road most of the time, and that before March 18, 1918, during his absences, Mrs. Hood had stayed with her next-door neighbor. The husband of this next-door neighbor testified for the State, but stated on cross-examination that Mrs. Hood could have stayed at his house as long as she wished, in the absence of her husband. It is also shown without contradiction that after waiting a few weeks for appellant to return, Mrs. Hood locked up the house, leaving appellant's clothes and all of the furniture there, and went to her father's house, where she remained for a while, and then procured work—first at a salary of $10 per week, and then later, she quit that place for a better one, at which latter place she seems to have worked until the time of the filing of this complaint, and also until the time of the trial of this case, in October, 1919. Mrs. Hood testified that she had had the home and all its furniture, as well as her husband's watch, and his clothing, in her possession ever since the time of his leaving, in March, 1918, and that he had made no objection to her selling any of this property, and also that she had made no effort to obtain food, clothing, or supplies, upon his credit, from any of the merchants at Arlington. She also stated that she had never written to him regarding her condition, or asked him for any money. There is nothing in the record showing the salary or financial condition of appellant since March 18, 1918, except that he testified himself that before this complaint was filed, he made a personal offer to his wife, to give her $50 per month, and that she told him that all she wanted out of him was that paper she signed. Appellant also testified that before the complaint was filed, he offered to deed to her their place and all their furniture.

In Wallace v. State, 85 Texas Crim. Rep., 91, 210 S. W. Rep., 206, and other cases, we have held that it must be shown not only that there was a wilful and unjustifiable desertion and failure to support, but also an affirmative showing of destitution and necessitous circumstances on the part of those who are alleged to be injured parties; and that the failure on the part of the wife to use the available credit or support of her husband, when same was usable, might be sufficient to rebut apparent destitute and necessitous conditions. In this case, there seems no question that appellant left his wife; and that he did not thereafter send her any money. It appears equally clear that he left her in possession of a home worth several thousand dollars, against which there was a lien of less than a thousand dollars; also left her in possession of the entire furniture of a five-room house, and apparently good credit with all the merchants of the town in which she lived, of which she might have availed herself if she desired. Mrs. Hood, with credit to her independence, refused to become a member of

her father's household, even though she would have been welcome as such, and though he was wealthy. She seems to have found a place in which to work and earn her own living, and testified that she needed no help from others.

We find ourselves unable to agree with the conclusion that she was in necessitous and destitute circumstances when appellant left her. It was affirmatively shown that had she chosen so to do, she could have gotten such supplies as she needed, and it is beyond question that if necessary she could have had the house and lot sold, and the proceeds made subject to her needs.

There is another point raised and urged in this case, that deserves mention. It is substantially provided by Article 640-D, that the venue of this offense may be laid either in the county where the desertion occurred, or in any county in which the deserted wife or children, as the case may be, had lived for six months next preceding the filing of the complaint. The complaint in the instant case, makes no mention of the length of time Mrs. Hood had lived in Dallas County at the time the complaint was filed. Said complaint was filed May 6, 1919, and alleged that the desertion, etc., took place in Dallas County on April 15, 1919. The facts in the case show that the actual desertion, if any, took place in Tarrant County on March 18, 1918, and also, that at no time within six months before May 6, 1919, the date of the complaint, was Mrs. Hood out of employment, or without a home, or in need. We think the acts of one accused of this offense may be such as to make him punishable by prosecution filed under this statute in another county than that in which the desertion occurred, but in such case, unless the prosecutor expects to show a continuance of the circumstances of desertion, destitution, and need, after the removal of the injured party to the county of the prosecution, and in case reliance for conviction is based upon the acts committed in the county where the desertion originally occurred, then the pleading should aver such desertion as in the county where same took place. That is, we think it should be averred that Sarah Doe had resided in B. county for more than six months next preceding the filing of this complaint, and that theretofore, on the —— day of ——, John Roe, in T. County, had deserted, etc., the said Sarah Doe. If the pleader be in doubt as to his facts, it might be alleged that the desertion took place in B. county, and that thereafter the injured parties moved to T. county, where they had resided for more than six months next preceding the filing of such complaint, and that after such removal, the said John Doe had continued to fail and refused to provide for their support and maintenance, etc. If the complete allegation be of acts done in B. county, and the proof show all such acts to have taken place in another county, we think a variance would be shown.

For the errors mentioned, the cause will be reversed and remanded for a new trial.

*Reversed and remanded.*