# MAY, 1920

---

### R. L. FLOWERS v. STATE.

#### No. 5819. Decided May 5, 1920.

**Abandoning Children—Insufficiency of the Evidence.**

Where, upon trial of unlawfully, willfully, and without justification abandoning. neglecting, and refusing to provide for the support and maintenance of his two minor children, who were alleged to be in destitute and necessitous circumstances, the evidence was insufficient to support the allegations, the conviction could not be sustained. Following Lamm v. State, 85 Texas Crim. Rep., 48, and other cases.

Appeal from the County Court of Bexar. Tried below before the Honorable Nelson Lytle.

Appeal from a conviction of willfully deserting minor children under the age of sixteen. Penalty: confinement for thirty days in the county jail.

The opinion states the case.

*Joe H. H. Graham,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully, willfully and without justification abandoning, neglecting and refusing to provide for the support and maintenance of his two

minor children, who were alleged to be in destitute and necessitous circumstances, and being under the age of sixteen years.

The record is rather voluminous in detailing the testimony. The substance of the evidence, however, shows that appellant and his wife had been married for about twenty-five years. Among other children there were three at home, two boys and a girl. One boy had at the time of this trial reached his majority. The second boy, alleged to be under sixteen years of age, was attending school, and the daughter, fourteen years of age, was employed in Joske's establishment in San Antonio. Appellant and his wife had not been getting along very comfortably; and there had been disagreement between them. On the night of the 15th of October he came home and trouble ensued. He was notified that notice had been sent to the house they were occupying that the rent was due and proceedings had been instituted to remove them. There was about two months rent due at thirty dollars a month. Among them they were enabled to raise $56 with which to pay the rent. He went off with this amount and returned and informed his wife and family that the agent or landlord would not accept the money unless they had the full amount of sixty dollars. Various and sundry instances and acts occurred with reference to the matter, and the wife wanted the money returned to her, and he did give her some of it. They differed as to the amount, she claiming he only gave her seven dollars and he stated he gave her twenty dollars. During their troubles the older boy struck his father. Some of the testimony shows he knocked him down. The old man went away to his relatives, and the testimony indicates may have returned and slept at home that night. The testimony shows, however, that two nights he slept away from home after this trouble on the ground that he was afraid to go back; that his family was displeased with him and he was afraid of further trouble, and that if he stayed away a little while perhaps things would calm down and the trouble pass. When he did return he found his house vacant and his wife and children and furniture and everything gone. He finally located them on a different street. In a day or two he paid the rent due on the house his wife had vacated and continued to remain in the house. There was a discussion as to a prosecution of appellant for desertion of his wife and children. This reached the county attorney's office, and he advised that such prosecution would not lie as they had deserted him. Later this prosecution was instituted against appellant for neglecting to support and provide for the two children on the ground that they were in destitute and in necessitous circumstances. Appellant was a carpenter; that up to the time of their separation he had provided for his family, and among other things that he "run" an account at a grocery store, and that his wife and children bought groceries at this store at any time they desired without previously asking him, and that he had authorized such acts, and paid the bills. The groceryman testified to the same effect. After his wife and chil-

dren left appellant and went to another residence they discontinued going to the grocery store, though had they gone they would have been furnished with groceries. This phase of the testimony seems not to have been controverted. During the months of October, November and December, which covers the time between their leaving appellant and the trial of this case, he had been earning about fifty or sixty dollars a month. Ordinarily he would have earned over one hundred dollars a month. The reason why he was not obtaining the full amount of pay as carpenter lay in the fact that rain had stopped a great deal of building and caused his being laid off. The money that he did earn is shown to have been paid out for rents, telephone bills, light, water, etc., and that it kept him pressed financially on account of the fact that he could not obtain work all the time.

With reference to the financial condition that environed his wife and children, it is shown that the oldest boy was making $15 a week which he turned over to the support of the family; that a son-in-law contributed about $75 to $100 to the support of the children, and that the daughter who worked at Joske's was getting $8 a week or $32 a month. The mother of the children and wife of appellant testified this girl used this $32 a month on her apparel, dresses, etc. It is also shown this girl had been employed at Joske's before the separation of appellant and his wife. The young boy about twelve years of age was attending school. Appellant did not contribute money to support the boy except on one occasion he gave ten dollars when it was brought to his attention that the boy needed some clothing, and that it would take ten dollars to make the purchase, and this he readily gave, and the lady witness, who was connected with the United Charities, stated that when she called on him for the money he cheerfully gave it and would have given more had she requested it. Later divorce proceedings were instituted which seems to have been pending about the time of this cause. There is some testimony indicating an attempt to get the parties together and the wife to move back to the place she had left. This resulted in nothing, and the wife from the testimony was very bitter towards her husband, and while he was not so bitter he did not encourage her return. Appellant stated to some of the witnesses he would leave it to the court to say what amount of money he should pay for the support of his family and especially the children; that he was willing to do anything along that line that he could so far as his financial ability would permit, and he seemed to be anxious especially about the education of the boy, and was anxious also for the girl not to work in the store but go to school, and had so expressed himself before his wife left him when the girl went to work at Joske's. This is a sufficient statement of the case.

The only question presented for review is, does this testimony show that appellant willfully abandoned and neglected to support his minor children when they were in necessitous circumstances? It is clear

that he did not abandon them. The State's testimony excludes that idea. It does show that the wife abandoned him and took the minor children from him. It does show that when called upon he gave money; that the girl was making money, at least a sufficient amount to support herself from a clothing standpoint, and that during that time the older boy had given the family money at the rate of fifteen dollars a week, and that a son-in-law had contributed $75 to $100 to the support of the children. It is also shown that on account of weather conditions appellant had not been able to make not exceeding sixty dollars a month, and that it required this to pay his back debts, rents, telephone bills, water and light and things of that sort. We are of opinion under our authorities that the State has not made a case by the facts which would justify this man being incarcerated in jail for thirty days allotted him by the jury. See Mercardo v. State, 86 Texas Crim. Rep., 559, 218 S. W. Rep., 492; Davis v. State, 86 Texas Crim. Rep., 514, 218 S. W. Rep., 493; Furlow v. State, 78 Texas Crim. Rep., 544, 182 S. W. Rep., 308; Lamm v. State, 85 Texas Crim. Rep., 48, 210 S. W. Rep., 209; Wallace v. State, 85 Texas Crim Rep., 91, 210 S. W. Rep., 206; Irving v. State, 73 Texas Crim. Rep., 615, 166 S. W. Rep., 1166; Dickey v. State, 198 S. W. Rep., 309; Windham v. State, 80 Texas Crim. Rep., 551, 192 S. W. Rep., 248; Verse v. State, 81 Texas Crim Rep., 48, 193 S. W. Rep., 303. We are of opinion the evidence does. not justify appellant's conviction under the circumstances stated in this record.

The judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*