### HUGO HOLLIEN v. THE STATE.

#### No. 5894.　Decided October 13, 1920.

**1.—Desertion of Child—Insufficiency of Evidence.**

Where upon trial of desertion of his own child, defendant was convicted under Article 649, Penal Code, the evidence was insufficient to sustain the conviction, the same was reversible error.

**2.—Same—Complaint—Husband and Wife.**

Where the prosecution is under Article 640-A, Penal Code, for the desertion of wife and child in destitute and necessitous circumstances, the wife is a competent witness against her husband, and the complaint sworn to by her is not void.

**3.—Same—Insufficiency of the Evidence.**

Where defendant was prosecuted for desertion of wife and child in destitute and necessitous circumstances, and was acquitted of wife desertion but convicted of desertion of his child, but the evidence was insufficient to show that the child was in destitute or necessitous circumstances, and to show a wilfull neglect by the defendant, same was reversible error. Following Verse v. State, 81 Texas Crim. Rep., 48, and other cases.

Appeal from the County Court of Tarrant.　Tried below before the Honorable Hugh L. Small.

Appeal from a conviction of desertion of child; penalty, a fine of fifty dollars.

The opinion states the case.

*Simpson, Moore & Ammermann,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of sufficiency of evidence: Hood v. State, 220 S. W. Rep., 551.

MORROW, JUDGE.—The prosecution is under Article 640A, Penal Code, for the desertion of wife and child in destitute and necessitous circumstances.

The wife, under Article 640C, is made a competent witness against her husband, and complaint sworn to by her was not void.

The parties were married about the first of the year, 1918, and separated in August of that year. The prosecution began about the first of April, 1919. After the marriage they lived together for several months, when the wife received a telegram advising her that her mother was sick. She and her husband went to her mother's home in Fort Worth. The mother was only slightly sick, and soon recovered, but the wife declined to further live with her husband. She testified that she had known him but a week when the marriage took place; that she had never loved him, but married him because she was in an ill-humor with her uncle and desired to spite him. She also said that her husband had requested her to return to him. He later wrote her two letters requesting her to live with him. She filed suit for divorce, but failed to press it to judgment. He went into the army, and later resided in South Texas. At the time of the separation she was pregnant, but had stated to the appellant that she did not intend to give birth to the child but would take medicine to prevent it. Against this he protested. She gave birth to the child about seven months later, and says that she wrote appellant about it in the fall of 1919. The evidence tends to show that he did not learn of the birth of the child until about the time this prosecution was begun. She continued to reside in her mother's home, and kept the child there, and was earning $12.50 per week. The circumstances of the mother not being disclosed, but her daughter and child seem to have been welcome members of her household.

The court acquitted the appellant of wife desertion, and we think the evidence does not support the judgment convicting him of desertion of his child. It is not made clear that the child was in destitute or necessitous circumstances, and the evidence tends to negative any wilful neglect upon appellant's part. The proof requisite to establish the offense is adverted to in Wallace v. State, 85 Texas Crim. Rep., 91, 210 S. W. Rep., 206; Hood v. State, 87 Texas Crim. Rep., 222, 220 S. W. Rep., 555; Windham v. State, 80 Texas Crim. Rep., 551; Verse v. State, 81 Texas Crim. Rep., 48, and other cases.

The insufficiency of the evidence requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*