[3] The sufficiency of the proof of identity of the animal in appellant's possession with the lost hog is challenged, and, unless upon another trial the evidence is more cogent upon this issue, there should be no conviction. Dowdell v. State, 85 Tex. Cr. R. 473, 213 S. W. 649; Rosaloz v. State, 84 Tex. Cr. R. 134, 206 S. W. 95; Solomon v. State, 83 Tex. Cr. R. 320, 203 S. W. 50; Strickland v. State, 81 Tex. Cr. R. 643, 197 S. W. 1104; Kellum v. State, 82 Tex. Cr. R. 635, 200 S. W. 843.

[4] The appellant requested the court to instruct the jury, in substance, that unless the hog which was taken by the appellant belonged to Perry, an acquittal must result, although they might believe that Perry had lost a hog of the same description. The refusal of a similar request resulted in a reversal in

the case of Doss v. State, 28 Tex. App. 510, 13 S. W. 790, the court remarking:

"It devolved upon the prosecution to establish such identity beyond a reasonable doubt, and, considering the uncertainty of the evidence upon this very material point, we think the court should have given said special instruction."

The necessity for such an instruction in the instant case is emphasized by the undisputed fact, proved by the state, that at the time the appellant took possession of the hog he claimed to own it. In other words, it was his defensive theory that, granting all that the state proved was true, that is, that Perry's hog was missing, and that the one gotten by the appellant bore a marked similarity, they were not identical, and the charge requested would have directed the attention of the jury in the affirmative manner to this material element of the defense.

From what we have said, it follows that, in our opinion, the judgment should be reversed, and the cause remanded, which is accordingly ordered.

---

**REID v. STATE.**   (No. 6156.)

(Court of Criminal Appeals of Texas. March 23, 1921.)

**Husband and wife &#8918;&#8212;304—Husband held not guilty of wife abandonment.**

After a husband found that by reason of the high cost of living his wages in the city were not sufficient to support him and his wife, and he believed that by going to the country and renting a farm he would better his position, he cannot be held criminally liable for 'wife abandonment, under Vernon's Ann. Pen. Code 1916, art. 640a, where he offered to take his wife with him, and she declined to go, claiming that her health demanded that she remain in the city with her mother.

Appeal from County Court, Gregg County; E. M. Bramlette. Judge.

Jim Reid was convicted of wife abandonment, and appeals. Reversed and remanded.

F. B. Martin, of Longview, for appellant. C. M. Cureton, Atty. Gen., and C. L. Stone, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted of wife abandonment; and his fine assessed at $25.

The only question presented to this court for consideration is that the evidence is not sufficient to support the verdict and judgment. Appellant and his wife were living in the city of Longview. It is claimed by appellant's wife and her mother that in the spring of 1920 the appellant left his wife in

the city of Longview, without just cause or excuse, at her mother's home, since which time he has not contributed to her support in any way. The evidence both for the state and appellant is to the effect that the health of appellant's wife was not good, at some times affecting her mental condition. She testified upon the trial, however, and upon cross-examination admitted that her husband did not want to live in Longview any more, but wanted to move to a farm, where he could make better wages and live cheaper. She did not go to the country with her husband, giving as her reason that she was in very bad health, could not do any work, and needed the treatment she could not secure in the country, and that it was necessary for her to have the care of her mother. Witness further testified that a few days after appellant first left Longview he came back and told her he had made arrangements to live on a farm, but that she did not go with him. This is also substantially the testimony of her mother. A sister-in-law of appellant testified that his wife told her she would not move to the country with him.

Appellant's testimony is to the effect that he could not make a living at the wages he was getting in Longview, and told his wife this, and that he was going to get a place in the country and move there, in order that he might make a living and where his expenses would be less than in town; that he did go to the country, rented a place, and notified his wife to that effect, but she refused to go with him; and that her mother declined to let her go. By reason of her refusing to go with him he says he supposed they did not want anything further from him in the way of support, and since she had declined to go to the farm with him he had not contributed to her support, but that he had been living on the farm from March, 1920, up to the time of the trial, which occurred in October, and that he was yet willing to take care of his wife, if she would go to the country with him. The foregoing embraces practically all of the facts proven upon the trial. There is an absence of evidence from any physician that it was necessary for Mrs. Reid to remain in the city for treatment, and there may have been a difference of opinion between her and her mother and appellant as to the necessity for this.

At any rate, it does appear that, after appellant had concluded it was to his best interest to move to a farm, he offered to take his wife with him, and that she refused to go, being upheld in that refusal by her mother. Whatever might have been their motive, does it present that character of a case where the husband should be fined for the abandonment of his wife? Article 640a, Vernon's Penal Code, under which this prosecution proceeded, provides:

"That any husband who shall willfully or without justification desert, neglect or refuse to provide for the support and maintenance of his wife," etc.

The construction placed upon that statute in Irving v. State, 73 Tex. Cr. 615, 166 S. W. 1166, is, we think, correct:

"This statute carries with it the idea of willfulness on the part of the husband or father, as the case may be, and the purpose not to support his wife or child, either or both, which does not mean, and was not intended to mean, that, because a man is unfortunate in not having money to support his wife, therefore he should be subject to criminal prosecution."

If the appellant in the case under consideration found that by reason of the high cost of living his wages in the city of Longview were not sufficient to support him and his wife, and he believed that by going to the country and renting a farm he could better his condition, such conclusion on his part might have been a mistake of judgment; but he cannot be held answerable to the law for such an error, if error it was, and we are not disposed to hold, in the face of the fact that, when he offered to take his wife with him, she declined to go, that he can be made punishable by fine under the statute above mentioned.

Believing that the evidence is totally insufficient to support the verdict and judgment, the judgment is reversed, and the cause ordered remanded.

---

⊗⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes