ORVAL O'BRIEN v. THE STATE.

No. 6404.   Decided November 16, 1921.

1.—Neglect and Refusal to Provide for Maintenance of Wife—Statutes Construed.

The objection that Article 604-a, Vernon's P. C. does not provide for the conviction of an accused for neglecting or refusing to provide for the support and maintenance of his wife, unless the evidence also shows that he deserted her, is untenable, and the conviction was sustained on that ground.

2.—Same—Charge of Court—Prima Facie Proof—Weight of Evidence.

Upon trial of wife neglect, etc., there was no error in the court's charge in submitting Article 640-c, Vernon's C. C., providing that the proof of neglect or refusal to provide for the support and maintenance of such wife, etc., shall be *prima facie* evidence that such neglect or refusal is wilful, and the same was not a charge on the weight of the evidence. Following Floeck v. State, 34 Texas Crim. Rep., 314.

3.—Same—Requested Charge—Theory of Defense—Support of Wife.

Where, upon trial of neglect and refusal to support the wife, etc., the defendant requested the court to charge, in substance, that if between the date of their separation and that of filing the complaint, he had provided her with sums of money in proportion to his earning capacity, and in proportion to the amount of money he was earning, the jury would find defendant not guilty, the facts bearing out this theory of defense, the court's refusal to give said requested charge was reversible error. Following Irving v. State, 73 Texas Crim. Rep., 615, and other cases.

Appeal from the County Court of Wichita.   Tried below before the Honorable Guy Rogers.

Appeal from a conviction of wilful neglect to support and maintain defendant's wife; penalty, a fine of $100 and thirty days in jail.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appeal is from conviction for neglect and refusal to provide for the support and maintenance of the wife, in which punishment was assessed at a fine of $100 and thirty days in jail.

The information alleges, omitting the formal parts, that appellant, "did then and there unlawfully and wilfully and without justification desert, neglect and refuse to provide for the support and maintenance of his wife, Sophronia O'Brien, who was then and there in destitute and necessitous circumstances."

After hearing all of the evidence in the case the court instructed the jury that the State had failed to make out a case in so far as appellant being guilty of deserting his wife was concerned, and instructed them that upon that issue they would find defendant not guilty. Appellant then requested the court to charge the jury peremptorily to return a general verdict of not guilty, upon the ground, as alleged by him, that Article 640-A, Vernon's P. C., under which this prosecution was had, does not provide for the conviction of an accused for neglecting or refusing to provide for the support and maintenance of his wife, unless the evidence also shows that he deserted her. Upon this proposition counsel for appellant cites us to the following authorities. Terrell v. State, 88 Texas Crim. Rep., 599, 228 S. W. Rep., 240; Wallace v. State, 85 Texas Crim. Rep., 91, 210 S. W. Rep., 206; Reid v. State, 88 Texas Crim. Rep., 364, 229 S. W. Rep., 324; Mercardo v. State, 86 Texas Crim. Rep., 559, 218 S. W. Rep., 491; Windham v. State, 80 Texas Crim. Rep., 551, 192 S. W. Rep., 248.

We have examined all the cases cited, and while the language used in some instances couples desertion with the neglect and refusal to provide for the support and maintenance of the wife, yet, we find none of the cases support appellant's proposition. So far as we may gather from the opinions in the cases referred to, the accused therein was charged with the desertion of his wife, and the exact question now presented to the court seems not to have been raised. So far as we have been able to ascertain from an investigation of the authorities, this is the first time this court has been called upon to construe the Article in question in the respect suggested. We believe a fair construction of the statute would be as though it read "that any husband who shall wilfully or without justification desert his wife, etc. would be guilty," or that any "husband who shall wilfully or without justification neglect or refuse to provide for the support and maintenance of his wife, etc. would be guilty." If the evidence should disclose a state of facts where the husband may not have actually deserted his wife, but continued to live with her and yet wilfully or without justification neglected or refused to provide for her support and maintenance when she was in destitute and necessitous circumstances, he being able to so support and provide for her, we can see no reason why, under the law, he might not be guilty of an offense.

The last clause of Article 640-C, Vernon's P. C. reads as follows:

"Proof of the desertion of such wife, child or children in destitute or necessitous circumstances, or of neglect or refusal to provide for the support and maintenance of such wife, child or children shall be

*prima-facie* evidence that such desertion, neglect or refusal is wilful."

The trial judge, in the fifth paragraph of his charge submitted the foregoing provision to the jury. By proper exceptions appellant complained of the submission of this section of the charge upon the ground that it was upon the weight of the testimony, and requested the court to eliminate the same from his instructions to the jury, which the court declined to do. It is well recognized that the Legislature can, within certain limits, establish rules of evidence. Wharton's Crim. Evidence, 10th Ed. Vol. 2, Sections 715 and 715-A. This seems to be what the Legislature has done in regard to the offense under consideration. They have practically said by the language of Article 640-C, when the act of desertion, or neglect and failure to support, is shown, then the presumption of law attaches that the same was done wilfully. This question was under consideration by this court in the case of Floeck v. State, 34 Texas Crim. Rep., 314, 30 S. W. Rep., 794. The court there was considering the constitutionality of an Act of the Legislature which provides "that the payment of United States special tax as a seller of spirituous, vinous or malt liquor shall be held to be *prima-facie* evidence that the persons paying such tax are engaged in selling such liquor." The foregoing provisions of the Acts of the Legislature was given in charge to the jury, and became the target for a violent assault, which was considered at great length by this court, which held the same to be not unconstitutional, and that it was not improper for the court to give it in charge. In connection with the charge in that case, and immediately following it, the court told the jury that by *"prima facie"* was meant, not that the evidence is conclusive, but that it may be rebutted or overcome by evidence to the contrary. It was a proper charge in that case, and would have been a proper charge in the instant case, and would have likely relieved the appellant of harm, if any, which came to him by reason of the charge in question having been given; however, there was no charge requested defining what was meant by *"prima facie"* evidence, and, therefore, we can not consider the matter further.

Appellant requested the court to charge, in substance, that if between the date of their separation and that of filing the complaint he had provided her with sums of money in "proportion to his earning capacity, and in proportion to the amount of money he was earning," the jury would find defendant not guilty. We believe this charge should have been given to the jury. Nowhere in the main charge of the court is appellant's defensive theory affirmatively presented, and we think the charge requested was appropriate under the facts developed upon the trial. We entertain grave doubts as to the sufficiency of the evidence to support the conviction. The record discloses that, unfortunately, the married life of appellant and the prosecutrix had not been altogether pleasant. Separations had occurred between them prior to the one out of which this prosecution grew, the details of which are not found in the record. These parties were

married in November, 1919. On the 3rd day of February, 1921, prosecutrix left appellant and went to the home of her mother. She gave as a reason for so doing that appellant was dissatisfied because she was in a family way, and suggested that she procure an abortion. This is denied by appellant. On February 3rd appellant, for some reason not disclosed by the record, desired to give up the premises where they were living, and secure another room. This did not seem to be satisfactory to the prosecutrix. She admits that she got angry upon this occasion and broke up some dishes. Appellant did secure another room and prosecutrix admits he told her she could come if she wanted to and if she did not desire to come he didn't give a "damn." The record shows that immediately upon this separation, prosecutrix sued for a divorce. Notwithstanding the pending of the divorce proceedings the prosecutrix admits that appellant had furnished her with from three to five dollars per week, once or twice giving her ten dollars per week, and sometimes missing a week. From February 3rd to April 28th prosecutrix admits she had received from appellant fifty-five or sixty dollars; that on the 27th day of April, the day before this complaint was filed, she applied to appellant for money and he declined to give her any at that time. It does not appear from her testimony why he declined to furnish her with money upon this occasion. The evidence of appellant is to the effect that after his wife left him and went to her mother's he was compelled to pay six dollars a week for a room and eat at the restaurant; that as economically as he could get along it cost him about twenty-five dollars per week. He says that he gave her money upon every occasion she asked for it, except immediately before she filed this complaint; this was the middle of the week, and he did not have it at the time, as he did not receive his pay until Saturday, and claims he told her he would give it to her on Monday. It appears that she filed this prosecution immediately after being disappointed in getting the money upon this occasion. If appellant expressed a willingness to live with his wife, or to have his wife go with him to his new room, which for some reason he thought it proper to secure (and which the evidence does not disclose was in any way objectionable) and she refused to do so, and it became necessary for him to be put to the expense of eating at a restaurant and paying the expense of a room, and notwithstanding this, he furnished his wife with such money as he was able to save from his work over and above his expenses, he would not be guilty under the law of wilfully neglecting or failing to provide for her. His testimony is that he averaged about thirty dollars per week from his work; his wife claims he was making as much as forty dollars per week. The record speaks through no other witness as to what the earning capacity of appellant was. Irving v. State, 73 Texas Crim.

Rep., 615, 166 S. W. Rep., 1166; Reid v. State, 88 Texas Crim. Rep., 364, 229 S. W. Rep., 324.

For the errors discussed the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*