## O. H. WALL v. THE STATE.

No 7082.   Decided November 8, 1922.

**Desertion of Child—Insufficiency of Evidence.**

Upon trial of child desertion under Article 640a, P. C., where the evidence was entirely inadequate to sustain the allegation that the defendant wilfully refused to provide maintenance for his child, then and there in destitute circumstances, the conviction cannot be sustained. Following Joiner v. State, 81 Texas Crim. Rep., 524, and other cases.

Appeal from the County Court of Harris.   Tried below before the Honorable John W. Lewis.

Appeal from a conviction of child desertion; penalty, a fine of $50 and 30 days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The prosecution is for violation of Article 640a, P. C., and charges the desertion of a child thirteen year of age and failure to maintain it.

The facts show that some two months prior to the date upon which the offense is laid, the appellant and his wife were divorced; that later they sold some property by agreement and the wife received $900. She was awarded the custody of the child, and appellant turned over to her $200 of his part of the proceeds of the sale. This was undisputed and we understand she still possessed the money. The wife said that she did not know why he gave her the extra money. He testified that he gave it to her for the support of the child, and that he regarded that as sufficient to support her for the time that had intervened between the time of the divorce and the time of the offense. We find nothing to the contrary. In the divorce proceedings the custody of the child was awarded to its mother. We think the evidence is entirely inadequate to sustain the averment that ''appellant wilfully refused to provide maintenance for his child, then and there in destitute circumstances.'' Among the illustrative cases are: Joiner v. State, 81 Texas Crim. Rep., 524; Dickey v. State, 82 Texas Crim. Rep., 154; Lamm v. State, 85 Texas Crim. Rep., 48; Mercardo v. State, 86 Texas Crim. Rep., 559; Perry v. State, 87 Texas Crim. Rep., 226; Hood v. State, 87 Texas Crim. Rep., 222; Flowers v. State, 87 Texas Crim. Rep., 293; Hollien v. State, 87 Texas Crim. Rep., 645; Mikeska v. State, 88 Texas Crim. Rep., 504, 228 S. W. Rep., 235.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*