Harvey Davis v. The State.

No. 5687.   Decided January 28, 1920.

**Wife Desertion—Insufficiency of the Evidence.**

Where, upon trial of the offense of wilful wife desertion, under article 640a, Vernon's Penal Code, the evidence failed to show that the defendant left his wife in destitute and necessitous circumstances at the time the charge was brought, the conviction cannot be sustained.

Appeal from the County Court of Kendall.   Tried below before the Hon. J. A. Phillip, judge.

Appeal from a conviction of willful wife desertion; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Joe J. H. Graham*, for appellant.—Cited: Windham v. State, 80 Texas Crim. Rep., 551, 192 S. W. Rep., 248; Irving v. State, 73 Texas Crim. Rep., 615, 166 S. W. Rep., 1166; Furlow v. State, 78 Texas Crim. Rep., 544, 182 S. W. Rep., 308; Dickey v. State, 82 Texas Crim. Rep., 154, 198 S. W. Rep., 309.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Kendall County, of the offense of wife desertion, as defined by Article 640-a, Vernon's Penal Code, and his punishment fixed at a fine of $25.

It appears from the facts in the case that in January, 1918, appellant and Irene Davis were married, the same being what she called a "forced" marriage; beginning on Marriage 4th of said year, appellant gave to her $2 per week up to the first of May, and that beginning on May 6th of said year he gave her $3.50 per week up to and including the last week of August of said year; and on September 1, 1918, he went into the army.

On November 25th of said year, appellant's wife received from the United States Government, two checks of $40 each, and on

January 22, 1919, she received from said Government, two checks for the same amount. She says she "reckons this was what the Government gave her out of appellant's pay as a soldier," and that she "did not reckon she would have gotten it if he had not been a soldier."

It thus appears that from the date of the marriage in January, 1918, up to September 1, 1918, appellant gave his wife $77.50, which seems to have satisfied her, for she made no complaint against him. From September, 1918, to March, 1919, he gave her $160, and she had him indicted, for failing to support her. This is rather difficult to understand. It is possible, however, that what had sufficed for her needs before she became the wife of a soldier in the army of the greatest government in the world, was no longer sufficient to keep her from being in destitute and necessitous circumstances after he donned his uniform?

She further testified that she received another small allotment check of $6.33, on the day she went before the grand jury and had him indicted, in March, 1919; and at that time she had $36 balance in the bank, and $74 in money besides. Unfortunately,—or, perhaps from appellant's angle of vision fortunately;—having that amount of money at the time the charge was laid against appellant, would seem to remove from the case one of its necessary elements, to wit: that the wife must be in destitute and necessitous circumstances befo   the case will be supported by the evidence. It seems to us, th.._.ure, that we will have to reverse this case, for the insufficiency of the testimony. We held in Mercardo's case, 218 S. W. Rep., 491, this day handed down, and in former decisions, that three requisites must appear affirmatively from the evidence in a case of this kind, the lack of either of which will be fatal to the conviction. One of these three requisites was, that the wife or children, as the case may be, must be in destitute and necessitous circumstances at the time the charge was brought.

Such being our view of the law, and the undisputed facts showing that when she had appellant arrested the wife had more money than was contributed to her support by him from January to September, 1918, and that she was not in fact in destitute and necessitous circumstances, much as we regret to disturb the verdict of the jury, our regard for the due administration and application of the law compels us to reverse and remand this case, and it is so ordered.

*Reversed and remanded.*