LIT PERRY v. THE STATE.

No. 5773. Decided April 14, 1920.

Wife Desertion—Complaint—Date of Offense—Limitation.

Where, upon trial of wife desertion, the date in the complaint and information as to the commission of the offense and the filing of the pleading showed a variance, and besides the proof showed that the offense was committed four years and over before the complaint was filed in the County

Court, etc., the conviction could not be sustained; besides, the evidence failed to sustain the allegation that the wife was in destitute and necessitous circumstances, etc.

Appeal from the County Court of Fayette. Tried below before the Honorable John P. Ehlinger.

Appeal from a conviction of wife desertion; penalty, a fine of $25. The opinion states the case.

*John T. Duncan* for the appellant.

*Alvin M. Owsley,* Assistant Attorney General for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for wife desertion. There are some quite interesting questions in the case, but as we understand the record it will be unnecessary to discuss most of them.

The complaint was sworn to on the 11th day of August, 1919, charging that appellant deserted his wife on the 9th day of August, 1919. The affidavit was filed in the County Court on October 1, 1920, as shown by the file mark of the clerk. This may be a mistake in copying the record, as the information was filed on the 2nd day of January, 1920. The evidence of the wife, who makes the complaint, is that he deserted her in August, 1915, without specifying the date. This was four years and over before the complaint was filed in the County Court, and about four years before the complaint was sworn to. This would necessitate a reversal of the case, because the case would be barred by limitation.

The evidence would not justify a verdict sustaining the allegation that his wife was in necessitous circumstances. She showed that she made a living herself. While cooking she received five dollars a week, and during cotton picking season she picked cotton, and testified she could pick from two to three hundred pounds a day and was getting $2.50 to $3 per hundred for that work. She was much older than her husband, she being about forty-seven and his testimony shows he was about nineteen or twenty when he married her. Some of the testimony, however, shows he was older than twenty. She had a son who was as old or older than appellant. The defensive testimony shows she drove appellant away from home and would not permit him to come to her house. But if it be conceded that he left her without fault on her part, then the State's testimony shows beyond any question she was not in necessitous or destitute circumstances.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*