## PROCK v. STATE. (No. 7157.)

(Court of Criminal Appeals of Texas. Nov. 1, 1922.)

**Parent and child ⟠17(6)—Evidence held not to justify finding that failure to contribute to children's support was willful.**

In a prosecution for child desertion, evidence *held* not to justify a conclusion that defendant's failure to contribute more to the support of his minor children than he did was due to willfulness or desire on his part.

Appeal from Jones County Court; E. S. Cummings, Judge.

A. R. Prock was convicted of child desertion, and he appeals. Reversed.

Lon A. Brooks, of Anson, for appellant. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the county court of child desertion, and his punishment fixed at a fine of $100 and confinement in the county jail for 60 days.

The case must be reversed because of what appears to us to be an entire lack of evidence sufficient to justify the verdict. Appellant's wife testified that she had filed the complaint against her husband at a time when she was mad with him. She testified that they had lived together as husband and wife for nine or ten years, and that during most of that time appellant had been a good husband and had supported her to the best of his ability, and that because of hard times and straitened circumstances they had been compelled to separate, she going back to her mother's, while he went in search of work. She further stated that she had heard from him at different times, and he had been unable to get work, and that when he notified her that he was at work, he sent her money. She also heard of his being ill.

Another state witness testified that after the above-mentioned separation of the husband and wife, that the wife and two children lived in a little house on her place, and that she thought at different times they were in needy and destitute circumstances. The state introduced but one other witness who testified that appellant contributed to the support of his family so far as he knew to the best of his ability while he was in a position to observe. The record is entirely barren of any fact justifying the conclusion that the failure of appellant to contribute more to the support of his minor children than he did was due to any willfulness or desire on his part. This court has often discussed this question, and has always held that the burden is upon the state to show that the failure to contribute to or to support the wife or children, who may be in needy circumstances or destitution, must be shown to have been willful on the part of the accused, that is, the state must show with some degree of certainty that there was an ability on the part of the accused to take care of his wife or children, as the case may be, and that, possessing such ability, he refused. It was not shown that appellant even knew of the fact that his wife or children were needy. It was in evidence that he learned at one time of the fact that one of his children was ill, and that he at once wrote and gave instructions to send him the bill and that he would pay it, and to take the child to a sanitarium if necessary and he would stand the expenses as best he could.

Believing that the record presents a case which does not measure up to the requirements of the law, we have no other course than to direct a reversal, which is ordered.