### JULIUS FRANK v. THE STATE.

No. 9323.   Delivered June 17, 1925.

**Wife Desertion—Evidence Insufficient—Cause Reversed.**

Where under a charge of wife and child desertion, and refusal to provide and support and maintain them, the evidence wholly fails to show that the wife and child are in distitute, and necessitous circumstances, but on the contrary shows the wife to be amply provided for with the necessities of life, the conviction must be set aside.

Appeal from the County Court of Austin County. Tried below before the Hon. W. I. Hill, Judge.

Appeal from a conviction of deserting his wife and minor child, and neglecting and refusing to support and maintain them; penalty a fine of one hundred dollars.

The opinion states the case.

*Krueger & Duncan,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the county court of Austin County for the offense of deserting his wife and minor child, and neglecting and refusing to provide support and maintenance for them and his punishment assessed at a fine of one hundred dollars.

There are many bills of exception in the record, but under the view we take of the case it is not necessary to consider them.

We think the state's testimony clearly fails to show that at the time of the alleged desertion, or at any time since the desertion, that the wife and child were in destitute circumstances; instead, we think that the testimony of the alleged deserted wife clearly shows the contrary. For testimony shows that she was married to the appellant in January 1922, and that a child was born to her in April, 1922, that at the time of her marriage, she was a widow with a fifteen year old son; that she and her baby received the benefit of her son's wages and used them for her support and that her son makes $4.50 a week and in addition to that all the meat they could use at home and that he also receives his own board from his employer. The testimony farther shows that the wife owns her home in Bellville, Texas, consisting of about two and one half acres of land, and that she gets two dollars a month water rent, has a garden and raises vegetables and that she has a cow and plenty of milk and butter and that she also has plenty of chickens and eggs. Under these circumstances, we cannot do otherwise that hold that she is not shown to be in destitute and necessitous circumstances.

While it is possibly not germane, it may be well to state that appellant is shown by the testimony to be living with and supporting his five children by a former marriage.

Because the evidence is insufficient to support the verdict, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of The Court of Criminal Appeals and approved by the Court.