## F. C. ENDER V. THE STATE.

No. 11372. Delivered February 22, 1928.

**1.—Wife Desertion—Evidence—Insufficient.**

Where appellant was charged with abandoning his wife and that he left her in "destitute circumstances," and the proof disclosed that the wife was not in destitute circumstances, but was the owner of property of the value of $8,000.00, the verdict of conviction was without support in the evidence. The statute does not permit a conviction unless the wife was in destitute and necessitous circumstances. See Art. 602 P. C. Mercardo v. State, 86 Tex. Crim. Rep. 559, and other cases cited.

**2.—Same—Charge of Court—Reversible Error.**

Where on a trial for wife abandonment the court charged the jury in effect that the wife may be in destitute and necessitous circumstances by the fact that her necessities are provided by other persons or by the proceeds or income arising from her separate property, the error in the charge demands the reversal of the judgment.

Appeal from the County Court at Law No. 1 of Bexar County. Tried below before the Hon. McCollum Burnett, Judge.

Appeal from a conviction for wife desertion, penalty a fine of $500.00 and ninety days in jail.

The opinion states the case.

*George L. Conger* and *E. S. Fellbaum* of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for wife desertion, punishment being by fine of $500 and ninety days in jail.

The evidence is conflicting upon the issue as to whether appellant or his wife was the cause of the separation. It is not necessary to set out the testimony on this point as the disposition of the appeal turns upon another phase of the case.

The statement of facts discloses that appellant and his wife were each owners of considerable property at the time of their

marriage which occurred some 18 months before the date of the alleged abandonment. The uncontradicted proof shows that appellant's wife at the time of the separation owned in her own separate right several pieces of real estate in the city of San Antonio—most of it unimproved—a half interest in $4,000 which was out on interest, $1,250 in the San Antonio Building and Loan Association, against which was a loan of $535.58, and three diamond rings of the value of $250. Upon the trial she estimated the value of all her property at $8,000. The charge against appellant was that he, without justification, abandoned his wife and left her in "destitute and necessitous circumstances." However, reprehensible appellant may have been in leaving his wife the statute does not permit a conviction unless she was in destitute and necessitous circumstances. Art. 602 P. C.; Mercardo v. State, 86 Tex. Crim. Rep. 559, 218 S. W. 491; Davis v. State, 86 Tex. Crim. Rep. 514, 218 S. W. 493; Barrow v. State, 88 Tex. Crim. Rep. 82, 225 S. W. 53; Perry v. State, 87 Tex. Crim. Rep. 226, 220 S. W. 549; Frank v. State, 101 Tex. Crim. Rep. 121, 274 S. W. 573; Patton v. State, 103 Tex. Crim. Rep. 135, 280 S. W. 584. Nothwithstanding the many decisions on the question as shown by the above authorities the court over appellant's objection gave the following special charge at the state's request. (Italics ours.)

"In this case you are charged that, under the law, the duty of providing support and maintenance of a wife rests upon the husband, and that in the event of an unlawful abandonment, desertion and failure if any, to provide for the support of the wife *who may be in destitute and necessitous circumstances may not be justified by the fact that her necessities are provided by other persons or by the proceeds or income arising from her separate property.*"

The charge is not only in the face of the authorities but is contradictory in its own terms, in that if her necessities are provided from the proceeds of her separate property she would not be in necessitous circumstances. The error in the charge demands a reversal. In addition, the undisputed facts upon the point discussed do not support the verdict.

If there should be another trial the pre-nuptial contract between appellant and his wife should be admitted in evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*