### R. B. FLOWERS V. THE STATE.

No. 11406. Delivered March 7, 1928.

**1.—Wife Desertion—Evidence—Held Insufficient.**

Where, on a trial for wife desertion, it is shown that the wife voluntarily left her husband and his home, and went to live with her sister, that she had not called on her husband for anything which he did not furnish, and that he was willing for her to come and live at his home, this evidence does not support a conviction for the wilful desertion of a wife in destitute circumstances. See O'Brien v. State, 234 S. W. 668, and other cases cited.

**2.—Same—Continued.**

The appellant's ability to do more than he has done, is not shown. He maintained a home, and the law contemplates that the home of the husband shall be that of the wife. She was not in destitute circumstances while her husband maintains a home and is able and willing to supply her with the necessities of life. If she voluntarily abandons it and abides at the home of another her absence does not render him a criminal, unless there is proof sufficient to warrant a finding that the separation is due to his wilful fault.

Appeal from the County Court of Taylor County. Tried below before the Hon. Tom K. Eplen, Judge.

Appeal from a conviction for wife desertion, penalty a fine of $25.

The opinion states the case.

*Cox & Hayden* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is wife desertion, punishment fixed at a fine of $25.

The prosecution is under Art. 602, C. C. P., 1925, in which it is declared that a husband who shall wilfully desert or refuse to support his wife who may be in destitute circumstances, shall be guilty of a misdemeanor.

The following facts are from the record: R. B. Flowers and Jessie Flowers were married in January, 1927, and lived together in a home in the city of Abilene provided by the appellant, until the 28th day of May, 1927. Mrs. Flowers was sick at that time and her sister, Mrs. Albritton, requested that the Flowers come to her home, that they did so, and the appellant remained until about the 14th of June, when he returned to his own home situated in the city of Abilene, where he has since remained. Mrs. Flowers remained with her sister. Mrs. Albritton and her husband moved to another town. Mrs. Flowers accompanied them and remained as a member of their household until the time of the trial. She went to her husband's home and got her clothes. But with that exception she has remained absent therefrom. Mrs. Flowers had been treated by a physician, whose services were, according to the appellant, either paid for or offered to be paid by him. He also expressed his willingness to pay the Albrittons any sum of money that he might be indebted to them. Mr. Albritton, as well as his wife, disclaimed any claim against the appellant for any sum of money and said that Mrs. Flowers was welcome in their home and had received all the comforts of life. The sister of the appellant, a trained nurse residing at Fort Worth, ascertaining that Mrs. Flowers was not well and that they were in need of money, sent fifty dollars and wrote, offering to take Mrs. Flowers to Fort Worth and care for her, or to come to Abilene and give her attention. Mrs. Flowers replied that her husband was good to her and that she did not want to leave him. The appellant's sister then came to Abilene and found Mrs. Flowers able to be about but only nervous or hysterical. The physician's testimony was to the point that he had administered no medicine to Mrs. Flowers, but found her nervous. All the testimony was to the effect that she was not confined to her bed. She claimed that the appellant worked part of the time and when engaged received five dollars per day. From the testimony of Albritton, it appears that the appellant was not in good financial circumstances; that he had loaned him $175 which the appellant said he had used in paying the expenses of his wife's illness, and gave some details which were

not controverted. Mrs. Flowers testified that she had ample wearing apparel and a life insurance policy amounting to $1,000; that it was a paid-up policy, though its value was not further shown. The appellant continued to maintain his home at the place where they lived when his wife departed, and from the evidence it appears that his rent was paid, the house furnished, and that he lived there; that he had not been called upon for anything which he did not furnish; that he was willing for her to come and live in his home. She claimed that he had never asked her to do so. In our judgment, the evidence falls short to support a conviction for the wilful desertion of a wife in destitute circumstances. Pertinent precedents are O'Brien v. State, 234 S. W. 668; Reid v. State, 229 S. W. 324; Mercado v. State, 218 S. W. 493; Elms v. State, 270 S. W. 856; Prock v. State, 244 S. W. 601; Patton v. State, 280 S. W. 584. The proof fails to show a wilful desertion or wilful neglect of his wife. Upon the undisputed evidence, if the prosecutrix's condition was such as to require medical attention or nursing, the appellant, through his sister, has offered to supply both. Admittedly, she left her home not at his bidding but of her own accord, and has voluntarily remained absent therefrom. The appellant's ability to do more than he has done is not shown. He maintained a home, and the law contemplates that the home of the husband shall be that of the wife. She was not in destitue circumstances while her husband maintains a home and is able and willing to supply her with the necessities of life. If she voluntarily abandons it and abides at the home of another, her absence does not render him a criminal unless there is proof of facts sufficient to warrant a finding that the separation is due to his wilful fault.

Deeming the evidence insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*