BRANDEL, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 29—November 16, 1915.*

*Abandonment of wife and child: Failure to support: Statute construed: "Necessitous circumstances."*

1. An able-bodied man of presumably some business ability, in good health, who contributed only $12 during seventeen months to the support of his wife and child is *held* not to have contributed to the extent of his ability.

2. A wife is in necessitous circumstances, within the meaning of sec. 4587c, Stats., when she does not have property or money available for such necessities or ordinary comforts of life as her husband can reasonably furnish, even though she has the clothing, furniture, and ornaments usually owned by a woman in her station in life or receives aid from others.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

Plaintiff in error was on March 6, 1915, convicted of abandonment of his wife and infant child under sec. 4587c, Stats. 1913, and duly sentenced. So far as applicable to this case sec. 4587c reads:

"Any person who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife . . . his or her legitimate or illegitimate minor child or children under the age of sixteen years in destitute or necessitous circumstances, shall be guilty of a crime. . . ."

It appears from the evidence that plaintiff in error and his wife were married about seven years prior to his conviction; that as a result of such marriage a girl was born, and that in October, 1913, he left his wife and child about a year old without any fault on their part and has ever since refused to return to them. It further appears that after he left her she received the net sum of about $35 out of the shoe business he had been engaged in; that he sent her four three-dollar money orders at different times; that she had her engagement ring and other jewelry of the value of about $300 and a piano of the same value purchased with money borrowed from her father, besides the household furniture. During all the time of desertion, covering a period of about seventeen months, plaintiff in error was an able-bodied man in good health. He had previously been in the shoe business in Milwaukee, and it is a fair inference from the testimony that he was capable of filling business positions as well as performing common labor. Neither husband nor wife had any estate except the property mentioned and their personal belongings. A jury was waived and the case was tried to the court with the result stated.

For the plaintiff in error the cause was submitted on the brief of *Bohmrich & Gabel.*

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Andrew Gilbertson,* assistant district attorney, and oral argument by *Mr. Gilbertson.*

VINJE, J.   Two contentions are made by the plaintiff in error.   The first is that he contributed to the support of his wife and child to the extent of his ability, and the second is that they were not in "destitute or necessitous circumstances," within the meaning of the statute, because of the property they had and the support given them by his father-in-law, with whom they made their home, and by reason of the fact that his mother had from time to time contributed some articles of clothing to the wife and child.   The first contention is scarcely worthy of notice.   An able-bodied man of presumably some business ability, in good health, ought to be able to contribute to the support of his wife and child more than $12 in seventeen months.

The second contention is not so obviously untenable.   If the statute means that a wife is not in "destitute or necessitous circumstances" so long as she has any property she can dispose of, or so long as others by way of charity help her, then it might reasonably be claimed that the conviction was erroneous.   But the statute can be given no such strict and narrow meaning.   It was enacted for the very purpose of compelling a husband to support his wife when of sufficient ability to do so, to the end that that burden should not fall on other relatives or friends or on the county.   In measuring the support owing to a wife under the statute due regard should be had to the station in life occupied by her, and what the husband can reasonably contribute out of property already acquired or out of his earnings, or both.

Neither does the statute contemplate that a wife must strip herself of all ornaments, such as her engagement ring and other jewelry of small value or of her piano, and much less of necessary household furniture, before she can be con-

sidered in necessitous circumstances.    She is entitled to live decently and in a fair degree of comfort if her husband can reasonably so maintain her.    He cannot compel her to descend to the lowest scale of mere human existence.    A wife is in necessitous circumstances, within the meaning of the statute, when she does not have property or money available for such necessities or ordinary comforts of life as her husband can reasonably furnish, even though she has the clothing, furniture, and ornaments usually owned by a woman in her station in life or receives aid from others.    Should it be deemed that this humane construction of the statute needs the support of legal authority it may be found in the case of *Waller v. State* (90 Kan. 829, 136 Pac. 215) 49 L. R. A. N. s. 588, and in the numerous authorities cited in the note at pages 594 *et seq.*

*By the Court.*—Judgment affirmed.