### Forrest Barrow v. The State.

No. 5931. Decided November 3, 1920.

**1.—Wife Desertion—Destitute and Necessitous Circumstances—Allusion to Defendant's Failure to Testify.**

Where the jury, after they had retired to consider of their verdict, discussed the defendant's failure to testify before the verdict was rendered, this constitutes such misconduct of the jury as to necessitate a reversal. Following Fine v. State, 45 Texas Crim. Rep., 292, and other cases.

**2.—Same—Insufficiency of the Evidence.**

Where upon trial of wife desertion the evidence failed to show that the alleged wife was left in destitute and necessitous circumstances, the conviction could not be sustained.

Appeal from the County Court of Chambers. Tried below before the Honorable Jofe F. Willson.

Appeal from a conviction of wife desertion; penalty, a fine of $100.

The opinion states the case.

*Guynes & Colgin,* for appellant.—On question of misconduct of jury: Woolley v. State, 96 S. W. Rep., 27; Bailey v. State, 97 id., 694; Huddleston v. State, 156 id., 1170; Portwood v. State, 160 id., 345.

On question of the insufficiency of the evidence: Irving v. State, 1166 S. W. Rep., 166; Davis v. State, 218 id., 493; Furlow v. State, 182 id., 308; Mercardo v. State, 218 id., 491.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of misconduct of the jury: Howard v. State, 174 S. W. Rep., 607; Coffman v. State, 165 id., 939; Cooper v. State, 162 id., 364; Pullen v. State, 156 id., 937; Jenkins v. State, 93 id., 726.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Chambers County, of the offense of wife desertion, and his punishment fixed at a fine of $100.

The case must be reversed, because of the misconduct of the jury, in that after they had retired to consider of their verdict, they discussed appellant's failure to testify. All the members of the jury gave evidence upon hearing of the motion for a new trial, stating that the fact of the failure of appellant to testify was discussed. Certain members of said jury stated that they heard Mr. Crone, the foreman, speak of such failure. One of the jurors said that Mr. Crone was the principal one, but that he, witness, mentioned it also. The foreman swore that just after the jury were locked in their room, Mr. Thornton, one of the jurors, casually remarked about the defendant not going on the stand and giving his side of the case, and that he, Crone, replied that if he had any satisfactory defense he ought to have gone on the stand. This was before any verdict. We think this constitutes such misconduct as necessitates a reversal of the case. Clark v. State, 76 Texas Crim. Rep., 645, 177 S. W. Rep., 84; Portwood v. State, 71 Texas Crim. Rep., 447, 160 S. W. Rep., 845; Huddleston v. State, 156 S. W. Rep., 1168; Richards v. State, 59 Texas Crim. Rep., 207; Tate v. State, 38 Texas Crim. Rep., 265; Fine v. State, 45 Texas Crim. Rep., 292.

We seriously doubt the sufficiency of the evidence in this case. Appellant married a widow, who had a home consisting of two tracts of land, one of which was shown to be worth a thousand dollars, and for which she had refused eight hundred dollars. She also had two or more horses, of the value of something over two hundred dollars; a cow and yearling, worth in the neighborhood of one hundred dollars, and some chickens and household and kitchen furniture.

The wife had been a widow for some three or four years, and had gotten along with the assistance of relatives. It was shown that appellant had nothing. He lived with the woman but one day and night and then left. The wife testified that she had written him but once since he left, before filing the complaint in this case, and that she did not in said letter apprise him of her needy condition. There would seem to be no question of the reprehensible conduct of one who marries a woman and lives with her one day and night, and then leaves

her without any apparent reason, but in order to make such leaving penal under this statute, the wife must be left in destitute and necessitious circumstances. We doubt if one whose property is worth in the market approximately $1500, and who seems to have made no effort to sell after the alleged desertion, could be held, under the terms of the statute, to be in that condition of destitution and necessity which measures up to the requirements of the law.

The judgment will be reversed and remanded.

*Reversed and remanded.*