STATE *v.* HERBERT F. WELDIN.

*(January* 25, 1937.)

RODNEY, J., sitting.

*Albert W. James* for the State.

*W. Thomas Knowles* for the defendant.

Court of General Sessions for New Castle County, No. 25, November Term, 1936.

RODNEY, J., delivering the opinion of the Court:

Our Courts have repeatedly held that it is the duty of a husband, as the head of the household, to provide for the support and maintenance of his wife in such manner as his condition or circumstances reasonably permit.

While this is true we must not lose sight of the fact that the prosecution of the husband is under a criminal statute, and such statute must be strictly construed. The Legislature has not made the statutory liability of the husband for the support of a wife to depend merely upon the relation of husband and wife, regardless of the resources of the wife. It has limited the class of wives entitled to the statutory support to those wives "in destitute or necessitous circumstances." In order to find the defendant guilty for the non-support of his wife she must be, in the words of the statute, "in destitute or necessitous circumstances." Now these words do not mean that a deserted wife must be in dire poverty or distressful want. The criterion is not mere physical necessity, but social and moral propriety, having regard to the situation of the parties and to the fitness of things. Nor does it excuse a husband because the necessities or proper expenses of the wife are supplied by charity or sympathetic relatives or friends, so that she may not in fact be in destitute or necessitous circumstances. The charity may cease, sympathy be forfeited or withdrawn, and the need of the support still exist. In *State v. Sharp*, 1 *W. W. Harr*. (31 *Del.*) 148, at page 152, 111 *A*. 909, 910, it is said:

"A wife is in necessitous circumstances * * * when she does not have property or money available for such necessities or ordinary comforts of life as her husband can reasonably furnish. * * *

"The essence of the act is that a man shall not be allowed to shift the burden of supporting his wife * * * upon others under no obligation to bear. * * * Therefore, whenever a husband, without just cause, neglects or refuses to provide for the support

and maintenance of his wife and thereby places her in such a situation that she stands in need of the necessaries of life, it is not material that they are supplied by her own labor or by sympathizing relatives, friends, or strangers, so that she does not in fact suffer from privation. He is guilty if he leaves her in such circumstances that. without her own efforts or outside help, she would lack the necessaries of life."

I am, however, of the opinion that no person can be said to be "in destitute and necessitous circumstances," within the meaning of a criminal act, when that person has an unencumbered estate of $23,000.00. One cannot be considered as destitute within the meaning of the statute, who has a large sum on deposit in a Bank or invested in non-interest bearing securities. Even though maintenance or living be paid from capital, one may not be considered as "destitute" or in "necessitous circumstances" if there remains a large amount of unexpended capital.

Though the direct authorities are few, they uniformly have reached the same conclusion. *State v. Waller,* 90 *Kan.* 829, 136 *P.* 215, 49 *L. R. A.* (*N. S.*) 588; 36 *A. L. R.* 872; *State v. Wright,* 200 *Iowa* 772, 205 *N. W.* 325; *Barrow v. State,* 88 *Tex. Cr. R.* 82, 225 *S. W.* 53; *Furlow v. State,* 78 *Tex. Cr. R.* 544, 182 *S. W.* 308.

The question as to whether a wife is in destitute and necessitous circumstances is a mixed question of law and fact which will ordinarily be left to the jury, under proper instructions. When, however, the proven available assets of the wife be of such an amount that the Court would feel bound to set aside a verdict which found the wife to be "in destitute or necessitous circumstances," then it is the plain duty of the Court to instruct the jury to find a verdict for the defendant.

Verdict accordingly.