ANDREW ULRICH, JR., v. THE STATE OF DELAWARE.

(*June* 2, 1948.)

LAYTON, J., sitting.

*John J. DeLuca* for appellant.

*W. Thomas Knowles* for The State of Delaware.

Court of General Sessions for New Castle County, No. 25, May Term, 1948.

LAYTON, Judge.

The precise question here is whether the prosecuting witness, convalescing from a serious illness, is in destitute and necessitous circumstances although she is living without cost to her at the home of her family and has in addition the sum of $2700 cash in bank and household furniture valued at about $1000.

Prior to separation, the Ulrichs had lived in a six-room house in Wilmington. They owned an automobile and apparently lived on the same modest, but reasonably comfortable, scale as other young married couples with small incomes. During the war Mr. Ulrich was commissioned in the Army, Mrs. Ulrich moved back with her family and they rented their home. Mrs. Ulrich was able not only to maintain the mortgage payments on their house, but to effect fairly substantial savings from her husband's Army pay together with the rental from their home. Shortly before her husband's discharge from the Army, Mrs. Ulrich became seriously ill and spent a year and a half in a sanitarium. I take it that their savings during the war were largely wiped out by this misfortune. Mr. Ulrich left his wife while she was still in the sanitarium. They agreed to sell their home and divide the proceeds after paying off the mortgage. From this she received $2200 and all the furniture. She had $500 of her own money. For all practical purposes she is an invalid and cannot engage in any gainful occupation.

Mrs. Ulrich's expenses for the past year, not including room and board, have amounted to approximately $1015. These include $490 for doctors and medicines, $383 for clothing, and $140 for necessary miscellaneous expenses. She is, therefore actually expending from her small capital at the

rate of $1000 yearly.* While she receives her room and board from her family without cost, she nevertheless contends that this amounts to a continuing obligation which, in the future, she may be called upon to pay. She places the value of the room and board at $15 weekly. She takes the position that her essential expenses of $1000 together with her room and board amount to about $1800 yearly and, because of her complete inability to work, she is, for all practical purposes, in destitute and necessitous circumstances.

To the contrary Mr. Ulrich maintains that, under the conditions above related, his wife cannot be deemed in destitute and necessitous circumstances although he admits that at such time as her present capital is substantially exhausted, he would be liable for her support.

Whatever the proper construction of the words in "destitute or necessitous circumstances" as used in 3527, Sec. 2, Revised Code of Delaware and the statutes of some of the other States may be, they have never been construed literally by the Courts. Thus, in *State v. Waller*, (1913) 90 *Kan.* 829, 136 *P.* 215, 216, 49 *L.R.A.* (*N. S.*) 588, the Court said:

"The purpose of the desertion statute * * is concerned with the marital duty of a husband to support his family. It is perfectly well understood that this duty is not discharged except by support and maintenance in the moral and legal sense of those terms, having regard to the situation, mode of life, estate, and social rank and condition of the persons concerned."

In *Brandel v. State*, (1915) 161 *Wis.* 532, 154 *N. W.* 997 the Court stated in this connection:

---

*I cannot consider the annual amount received by her from her husband under an order of the Family Court as income for the purposes of this case because it is the validity of this same order which is before me here on appeal.

"Neither does the statute contemplate that a wife must strip herself of all ornaments, such as her engagement ring and other jewelry of small value, or of her piano, and much less of necessary household furniture, before she can be considered in necessitous circumstances. She is entitled to live decently and in a fair degree of comfort, if her husband can reasonably so maintain her. He cannot compel her to descend to the lowest scale of mere human existence. * * *"

Again, in *Streitwolf v. Streitwolf*, 58 *N.J.Eq.* 570, 43 *A.* 904, 907, 45 *L.R.A.* 842 it was said:

"The necessity that is the criterion of validity is not mere physical necessity, but rather social and moral propriety, having regard to the situation of the parties and the fitness of things. Food, shelter, and clothing are physical necessities. In an enlightened community the common education of a child is a moral and social necessity."

Perhaps the most recent expression on the subject is *State v. Weldin*, (1937) 8 *W. W. Harr.* 158, 189 *A.* 586, 587, wherein Judge Rodney stated:

"In *State v. Sharp*, 1 *W. W. Harr.* (31 Del.) 148, at page 152, 111 A. 909, 910, it is said: 'A wife is in necessitous circumstances * * * when she does not have property or money available for such necessities or ordinary comforts of life as her husband can reasonably furnish. * * *

" 'The essence of the act is that a man shall not be allowed to shift the burden of supporting his wife * * * upon others under no obligation to bear it. * * * Therefore, whenever a husband, without just cause, neglects or refuses to provide for the support and maintenance of his wife and thereby places her in such a situation that she stands in need of the necessaries of life, it is not material that they are supplied by her own labor or by sympathizing relatives, friends, or strangers, so that she does not in fact suffer from privation. He is guilty if he leaves her in such circum-

stances that, without her own efforts or outside help, she would lack the necessaries of life.'

"I am, however, of the opinion that no person can be said to be 'in destitute and necessitous circumstances,' within the meaning of a criminal act, when that person has an unencumbered estate of $23,000.00. One cannot be considered as destitute within the meaning of the statute, who has a large sum on deposit in a Bank or invested in non-interest bearing securities. Even though maintenance or living be paid from capital, one may not be considered as 'destitute' or in 'necessitous circumstances' if there remains a large amount of unexpended capital."

It is obviously impossible to lay down more than a general definition of the language in question. Each case must stand upon its own facts. Depending on their relative economic situations some would regard $2700 as a small fortune, others a substantial amount and, still others, inconsequential. In the light of the comparatively modest circumstances in which the Ulrichs were living, I should imagine that to them as to millions of others, such a sum would be regarded as reasonably substantial. Today, however, it has but one-half the purchasing power which it had during their earlier married life. Moreover, $2700 in the hands of a healthy woman able to engage in gainful occupation is one thing—in the hands of an invalid, quite another. Mrs. Ulrich has been very ill. Her condition demands complete rest and quiet, wholesome foods and, it may be surmised, freedom from worry.

If required now to exhaust her small backlog of capital she would be without funds in two years or so. From that point on she would face the unhappy future of an invalid existing upon the bounty of her family, together with such small amount as her husband could be required to pay her annually from his modest income. Under such circum-

stances it is difficult for me to see how she can be expected to attain any degree of mental peace, without which her recovery might well be seriously retarded. Nor should Mr. Ulrich be permitted to foist his marital obligations to a large extent upon his wife's parents. *Sharp v. State, supra.* If they were no longer able to assist her, or if her health suffered a relapse, both of which events are possible, her financial situation, already precarious, would become alarming. As I view it, the crux of this troublesome situation is the serious condition of Mrs. Ulrich's health. I do not feel that an invalid should be required substantially to exhaust her small capital of $2700 before calling upon her husband for support. At some future day this sum may be all that stands between her and complete destitution, using the word in its ordinary, rather than legal, connotation.

For the reasons given I am of the opinion that Mrs. Ulrich is presently in destitute and necessitous circumstances within the meaning of 3527, Sec. 2 of the Revised Code of Delaware. Accordingly I find Mr. Ulrich guilty of the information filed against him by the State. Under a stipulation between counsel for the parties, I will hold a further hearing to determine the amount of future support which Mr. Ulrich should be required to pay as the result of the conclusion here reached.