**LOUISVILLE TRUST COMPANY, Committee for Harry W. Saunders, Incompetent, Appellant,**

v.

**Louanna W. SAUNDERS, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1964.

Edward T. Ewen, Jr., Louisville, for appellant.

Leo T. Wolford, Louisville, for appellee.

C. J. WADDILL, Special Commissioner.

The County Court of Jefferson County, Kentucky, ordered the Committee for an incompetent man to pay Fifty Dollars per month from his estate to the mother of the incompetent for her support. Upon appeal to the Circuit Court the order was upheld. The Committee has appealed to this Court.

Appellant, Louisville Trust Company, is Committee for Harry W. Saunders, an incompetent Navy Veteran of World War II now confined in the Veterans Administration Hospital, Lexington, Kentucky. His Committee holds in its hands the sum of Three Thousand Seven Hundred Thirty Five Dollars and Thirty seven cents ($3,-735.37). He will have no more income until his estate is depleted to Five Hundred Dollars ($500.00) at which time an allowance shall be made by the Veterans Administration until his estate is rebuilt to One Thousand Five Hundred Dollars ($1,500.-00) at which time his income shall terminate until it is again reduced to Five Hundred Dollars ($500.00) and the process repeated each time his estate is so reduced.

Appellee, Louanna W. Saunders, is the mother of the incompetent, Harry W.

Saunders. She is now an elderly woman with no earning power. She has an estate of stocks, bonds and saving accounts valued at Sixteen Thousand Eight Hundred and Forty One Dollars and ten cents ($16,841.10), which provides an income of about Five Hundred and Thirty Three Dollars and Seventy six cents ($533.76) a year. She desires to live on the income from her estate supplemented by an allowance from her incompetent son's estate.

The question to be decided is whether these facts authorized the County Court to order support payments made from the incompetent son's estate to his mother under the provisions of KRS 405.080.

KRS 405.080 provides:

*"Support of Indigent Parent."*

"Any adult person residing in this state and having in this state a parent who is destitute of means of subsistence and unable because of old age, infirmity or illness to support himself or herself, shall, after reasonable notice, provide that parent with necessary shelter, food, care and clothing, if he has, or is able to earn, sufficient means to do so."

■ We recognize the moral obligations a son owes to his mother. Nevertheless, there is no legal justification for the order entered by the County Court. Without considering whether the incompetent is a son who has, or is able to earn, sufficient means to contribute to his mother's support, the court holds that Mrs. Louanna W. Saunders cannot be considered a parent destitute of means of subsistence. The same standard must be applied in a proceeding of this kind as would be applied if punishment were to be imposed under KRS 405.990(5) for a violation of KRS 405.080.

■ A person with a substantial amount of unexpended capital cannot be classified as destitute. State v. Weldin, 8 W.W.Harr. 158, 38 Del. 158, 189 A. 586. The appellee cannot place herself in necessitous circumstances simply by electing to preserve the principal of her estate.

We respectfully recommend that the judgment of the Circuit Court be reversed and the case remanded for entry of an order setting aside and nullifying the order entered by the County Court of Jefferson County.

The opinion is approved by the Court and the judgment is reversed with directions to enter a judgment consistent therewith.