**180**

**WIFE, Plaintiff,**

v.

**HUSBAND, Defendant.**

Court of Chancery of Delaware,
New Castle.

Oct. 7, 1970.

William E. Wiggin, of Richards, Layton & Finger, Wilmington, for plaintiff.

Husband, pro se.

DUFFY, Chancellor:

This is an action for separate maintenance by a wife (plaintiff) against her husband (defendant).[1] The single issue for decision is whether proof of "destitute and necessitous" circumstances is jurisdictionally necessary before plaintiff is entitled to an order for her own support. Defendant says that his wife has earned income of about $9,000 annually and she is therefore not in destitute and necessitous circumstances; from that premise he argues that he is not obliged to supply any support. This is the decision after final hearing.

A.

In the years since the Supreme Court's decision in Du Pont v. Du Pont, 32 Del. Ch. 413, 85 A.2d 724 (1951), the question here litigated has been raised from time to time, but I do not know of a reported case in which it has been decided; nor do I know of a case in which a wife has been refused separate maintenance because she did not prove herself to be in "destitute and necessitous" circumstances (however the phrase may be defined). In Du Pont v. Du Pont, 33 Del. Ch. 364, 93 A.2d 500 (1952), Chancellor Seitz assumed without deciding that such proof is necessary; and

---

1. The complaint also seeks support for minor children of the parties, and defendant concedes an obligation to provide it.

in Greggo v. Greggo, 41 Del.Ch. 289, 194 A.2d 58 (1963), Vice Chancellor Short, in effect, took the same approach.

■ The Supreme Court's decision in *Du Pont* is the cornerstone of equity jurisdiction over separate maintenance cases in Delaware. And it seems clear from the opinion that such maintenance was considered in terms of the common law duty of support. Chancery jurisdiction was founded on the absence of adequate remedy at law, and the basic duty enforced was that fixed by law. Justice Wolcott said, at 85 A.2d 733:

> "The award of separate maintenance to a deserted and destitute wife by a Court of Equity constitutes nothing more than a fulfillment of Equity's historic function, the giving of a remedy for a legal right which otherwise was remediless."

It therefore follows that since this Court is enforcing a legal duty, proof of that duty is jurisdictionally necessary. And I so conclude.

But what meaning should be given to "destitute and necessitous circumstances" in the context of a claim by a wife for maintenance?

By the dictionary definition, to be "destitute" is to be "without means, indigent, poor, needy". Ballantine, Law Dictionary With Pronunciations (2 ed.), p. 368. The word "necessitous" is a flexible term that might have many meanings, but in this context it is probably used synonymously with "destitute." *Id.*

2. 13 Del.C. § 502 provides:
"(a) Any husband who, without just cause, deserts or wilfully neglects or refuses to provide for the support and maintenance of his wife in destitute or necessitous circumstances, * * * shall be fined not more than $500, or imprisoned at hard labor in such prison of this State as determined by the court, for not more than one year, or both. * * *

■ I need not attempt to define how the terms were used at common law, by the Ecclesiastical Courts, nor how they are applied by the Family Court in enforcing the quasi-criminal jurisdiction established in 13 Del.C. § 502.[2] But certain it is that in this Court the terms have not been applied, and should not be applied, to mean that as a condition precedent to jurisdiction a plaintiff-wife must establish that she is indigent, or without assets of any kind, or without means of support above the poverty level.

It seems to me that the approach taken by Judge Rodney in State v. Weldin, 38 Del. 158, 189 A. 586 (1937), is applicable here. After noting that our courts have repeatedly held that it is the duty of a husband to provide for the support and maintenance of his wife "in such manner as his condition or circumstances reasonably permit" he went on to say that "destitute or necessitous circumstances":

> "* * * do not mean that a deserted wife must be in dire poverty or distressful want. The criterion is not mere physical necessity, but social and moral propriety, having regard to the situation of the parties and to the fitness of things."

See, also, Ulrich v. State, 44 Del. 400, 59 A.2d 460 (1948); State v. Sharp, 1 W.W. Harr. 148, 111 A. 909 (1920); and compare 19 Halsbury's Laws of England (3 ed.), Husband and Wife, § 1423.

I think this is the test that has been applied and should be applied by the Court of Chancery in determining whether or not a

(b) In construing the term 'destitute or necessitous circumstances' as used in this chapter, the court shall consider the health, the relative economic condition, the financial circumstance, the income including the wages, and the earning capacity of the husband and of the wife, and of any child or children involved."

wife is entitled to an order of separate maintenance. It would indeed be a paradox if a plaintiff-wife, abandoned by her husband, were obliged to reduce herself to poverty level before seeking the aid of equity to be restored to a place commensurate with the life style to which she had been accustomed with her husband. Compare Ulrich v. State, supra. And this view finds support in the language used in § 502. The statute requires support of a deserted wife who is "destitute" *or* in "necessitous" circumstances and, in construing the terms, the Court shall consider "the relative economic condition, the financial circumstance" and other identified matters concerning husband and wife. That language was added to the statute about a dozen years after Judge Rodney's decision in *Weldin*.

To sum up: I conclude that the Court of Chancery, in an action for separate maintenance by wife against a husband, enforces a legal duty of support, that the duty in Delaware is now defined in terms of "destitute or necessitous circumstances" and that in order to secure an order a deserted wife must allege and prove those circumstances, as stated above.

B.

Turning to the evidence, it shows that prior to separation the parties lived in a suburban home with ten rooms and three baths, which cost about $40,000. The family had two cars, a country club membership, and generally enjoyed the amenities and comforts consistent with that life style. Plaintiff was not employed commercially. Defendant continues to occupy the family home. His gross income in 1969 was approximately $22,000.

Plaintiff lives in a two-bedroom apartment with the two minor children of the parties. Her earnings of about $9,000 annually have provided her with such essentials and comforts as she now enjoys. Based upon these facts, which are undisputed, I am satisfied that relative economic condition of the parties, their respective financial circumstances and the fitness of things entitle her to an order of support. In short, I cannot say as a matter of law plaintiff is not entitled to *any* support. Her own earnings and assets will of course be considered in determining what the amount of the order should be.

Counsel will be heard on the amount of the order.